## Case No. 12,458.

### SCHILLINGER v. GUNTHER.

[17 Blatchf. 66; 16 O. G. 905; 4 Ban. & A. 479; Merw. Pat. Inv. 166.][1]

Circuit Court, S. D. New York. Aug. 26, 1879.

PATENTS—CONCRETE PAVEMENT—ANTICIPATION — DISCLAIMER—RE-ISSUE—SPECIFICATIONS—COSTS.

1. A concrete pavement, made of cement, sand and gravel, made plastic by water and then laid in blocks, in a plastic state, at the place where it is to be used, and suffered to set or harden there, is not anticipated by a pavement made of blocks of cement made elsewhere, and then laid, like bricks or flags, at the place of use.

[Cited in Schillinger v. Greenway Brewing Co., 17 Fed. 246; Kuhl v. Mueller, 21 Fed.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 166, contains only a partial report.]

510; Shannon v. Bruner, 33 Fed. 290, 291; California Artificial Stone-Paving Co. v. Schalicke, 119 U. S. 405, 7 Sup. Ct. 393.]

2. Under sections 4917 and 4922 of the Revised Statutes, where a proper disclaimer is entered during the pendency of a suit on a patent, there may be a recovery for the plaintiff, in respect of what is not disclaimed, provided there has been no unreasonable neglect or delay to enter a disclaimer, but the recovery is to be without costs.

[Cited in Atwater Manuf'g Co. v. Beecher Manuf'g Co., 8 Fed. 610.]

3. There may be a disclaimer of something which was introduced into a re-issued specification and did not exist in the original specification.

[Cited in Yale Lock Manuf'g Co. v. Scovill Manuf'g Co., 3 Fed. 298; Tyler v. Galloway, 12 Fed. 569; Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. 135, 136.]

4. In connection with a disclaimer of a claim or part of a claim, it is not improper to eliminate or withdraw, by the same writing, the parts of the body of the specification on which the disclaimed claim or part of a claim is founded.

[Cited in Schillinger v. Greenway Brewing Co., 17 Fed. 246; California Artificial Stone-Paving Co. v. Schalicke, 119 U. S. 405, 7 Sup. Ct. 393; Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. 135, 136.]

5. The disclaimer in this case upheld, against the objection that the matter disclaimed was not introduced by mistake, but with the intent to defraud or mislead the public.

[This was a bill in equity by John J. Schillinger against Hermann A. Gunther for the infringement of re-issued letters patent No. 4,364, granted to plaintiff May 2, 1871, the original letters patent, No. 105,599, having been granted July 19, 1870.]

Edward Fitch and John Van Santvoord, for plaintiff.

Arthur v. Briesen, for defendant.

BLATCHFORD, Circuit Judge. The defendant contends, that the first claim of the plaintiff's re-issued patent is for a concrete pavement laid in detached blocks or sections, and that such claim is void, because blocks of cement had before been made, and carried to the place where they were to be used, and laid down side by side, thus forming a sectional cement pavement having all the advantages of the plaintiff's pavement. This view is not sound. The first claim of the re-issued patent claims "a concrete pavement, laid in detached blocks or sections, substantially in the manner shown and described." The concrete pavement referred to is shown by the specification to be a pavement made not of cement alone, but of cement, sand and gravel, made plastic by water, and then laid, in blocks, in a plastic state, at the place where it is to be used, and suffered to set or harden. This is a different thing from blocks of cement made elsewhere, and then laid, like bricks or flags, at the place of use.

Equally unsound is the view, urged by the defendant, that the disclaimer takes out of the patent the entire first claim of the re-issue. It takes out of that claim only so much thereof as claims a concrete pavement made of plastic material laid in detached blocks or sections, without interposing anything between their joints in the process of formation. The first claim originally included a concrete pavement made of plastic material laid in detached blocks or sections, without interposing anything between their joints in the process of formation. The first claim, as amended by the disclaimer, claims a concrete pavement made of plastic material laid in detached blocks or sections, when free joints are made between the blocks, by interposing tar paper or its equivalent.

The alleged prior inventions of Russ and Little have been disposed of by the rulings of Judge Shipman in this case, and so has the question of the infringement by the use of a trowel or a knife.

By section 4917 of the Revised Statutes, which was in force when the disclaimer in this case was filed in the patent office, it is provided as follows: "Whenever, through inadvertence, accident or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more that that of which he was the original or first inventor or discoverer, his patent shall be valid for all that part which is truly and justly his own, provided the same is a material or substantial part of the thing patented; and any such patentee, his heirs or assigns, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of such parts of the thing patented as he shall not choose to claim or to hold by virtue of the patent or assignment, stating therein the extent of his interest in such patent. Such disclaimer shall be in writing, attested by one or more witnesses, and recorded in the patent office; and it shall thereafter be considered as part of the original specification to the extent of the interest possessed by the claimant, and by those claiming under him, after the record thereof. But no such disclaimer shall affect any action pending at the time of its being filed, except so far as may relate to the question of unreasonable neglect or delay in filing it." By section 4922 it is provided as follows: "Whenever, through inadvertence, accident or mistake, and without any wilful default or intent to defraud or mislead the public, a patentee has, in his specification, claimed to be the original and first inventor or discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor or discoverer, every such patentee, his executors, administrators and assigns, whether of the whole or any sectional interest in the patent, may maintain a suit at law or in equity, for the infringement of any part thereof which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of

which the patentee was the first inventor or discoverer. But, in every such case in which a judgment or decree shall be rendered for the plaintiff, no costs shall be recovered, unless the proper disclaimer has been entered at the patent office before the commencement of the suit. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer." The purport of these two sections, taken together, is, that, where a proper disclaimer is entered during the pendency of a suit on a patent, there may be a recovery for the plaintiff, in the suit, in respect of what is not disclaimed, provided there has been no unreasonable neglect or delay to enter a disclaimer, but the recovery is to be without costs. In the present case a proper disclaimer was entered after the suit was commenced. It disclaims certain words in the body of the specification, and it also disclaims a part of what was claimed in the first claim of the re-issued patent. What is disclaimed in the body is the foundation of so much of the first claim as is disclaimed. The plaintiff was neither the original nor the first inventor of so much of the first claim as is disclaimed. What is thus disclaimed is a material and substantial part of what is covered by the first claim. The part of such claim which is not disclaimed is truly and bona fide the plaintiff's. What is not disclaimed is definitely distinguishable from what he claimed without right. He did not choose to claim or to hold by virtue of the re-issued patent what he disclaimed. What he disclaimed was inserted by the re-issue. It did not exist in the original patent. But, for the purposes of a disclaimer, what is disclaimed stood, before it was disclaimed, as if there never had been but one patent, and that the re-issued patent. It was proper to correct, by a disclaimer, the unlawful claim introduced by the re-issue. It is true, that, strictly, section 4917 contemplates only a disclaimer of some claim, or part of a claim, but, in connection with a disclaimer of a claim, or of a part of a claim, it is not improper to eliminate or withdraw, by the same writing, the parts of the body of the specification on which the disclaimed claim, or part of a claim, is founded. The disclaimer is none the less a disclaimer of a claim or of a part of a claim because, in addition, it disclaims such parts of the body of the specification. The disclaimer being a proper one, in form and substance, it is, by the statute, to be, after its filing, "considered as part of the original specification." The re-issued specification is to be thereafter read as if the disclaimer were incorporated in it.

But, no disclaimer can be allowed to be operative unless the unlawful claim was made through inadvertence, accident or mistake, and without any fraudulent or deceptive intention, nor can a plaintiff recover on a patent which claims anything not bona fide the patentee's, unless the claim to the thing not bona fide his was made through inadvertence, accident or mistake, and without any wilful default or intent to defraud or mislead the public. It is set up in the amended answer, that the part of the thing patented which is disclaimed by the disclaimer, was not introduced into the re-issued patent "through inadvertence, accident or mistake, and without any wilful default or intent to defraud or mislead the public," but on the contrary, was introduced into it "deliberately and with the intent to defraud or mislead the public." I have arrived at the conclusion, on the evidence, that the disclaimed parts, both of the body of the re-issued specification, and of the first claim thereof, were introduced by reason of a mistaken idea on the part of the plaintiff, that the concrete, in setting, would shrink, so that the second block, when set, would not, though setting in contact with the first set block, adhere to such first set block, and that it was not necessary, in forming the blocks from the plastic material, to interpose anything between their joints, in the process of formation, in order to produce the detached blocks or sections described in the specification. I am also of opinion, on the evidence, that there was no wilful default, or fraudulent or deceptive intention, or intent to defraud or mislead the public, on the part of the plaintiff. The evidence shows, that the plaintiff believed, when he took the re-issue, that a sectional pavement could be made of plastic concrete, without interposing anything between the blocks. He may not have experimented as much as he ought to have done before arriving at that conclusion. He may have arrived at it on insufficient and inadequate grounds. Still, if he acted in good faith, it was a mistake. If he made experiments and drew a conclusion from them, not wholly baseless, it was not a wilful default, although other persons may, from other information, have been of a different opinion, and although other persons would have been slow to draw the same conclusion the plaintiff did from the premises before him. So, too, although the experiments and the conclusion were made and arrived at after the original patent was taken out, in such wise as to destroy the validity of the re-issue so far as such conclusion was concerned. it was proper to make the disclaimer in question, in order to avoid the effect of inserting in the re-issue matter which amounted, if true, to an invention made after the granting of the original patent. The plaintiff states, in his affidavit made November 22d, 1878, that he has never known any cement pavement constructed in sections formed on the ground for actual use in outdoor work, without the interposition of something while the material was in a plastic state, to form or complete the joints. There is nothing in this that is inconsistent with his statement in the same affidavit, that he believed, when he took his re-issue, that the concrete, in setting, would shrink, and that, after one section had been formed, another section might be formed of

the plastic material directly against and in contact with the one already formed, and the blocks, when completed, would be detached; nor anything inconsistent with the fair result of the evidence. The experiments on which he rested his belief were not pavements in sections formed on the ground for actual use in outdoor work. As to the conversations with the plaintiff, testified to by witnesses, they are too vague and unreliable to be satisfactory. The fact that the plaintiff, in the fall of 1874, laid, in Washington, from 2,000 to 3,000 square feet of concrete pavement in sections, without anything being interposed between the blocks, with the intention that it should be a pavement of detached blocks, such as his specification describes, shows that he had not, at that time, abandoned the idea that a pavement of detached blocks could be made in that way. It was not till January, 1875, that it clearly appeared that such pavement was a pavement of adhering blocks and not a pavement of detached blocks.

The foregoing observations serve to show that there was no unreasonable neglect or delay in not filing until March 1st, 1875, the disclaimer in question.

The remaining defence set up in the amended answer is founded on the first subdivision of section 4920 of the Revised Statutes, and is to the effect, that, for the purpose of deceiving the public, the description and specification filed by the patentee in the patent office, and which is contained in the re-issued patent, was made to contain less than the whole truth relative to his alleged invention or discovery, or more than is necessary to produce the desired effect, and that the patent is, therefore, void. This defence fails, because, as has been held, there was no purpose of deceiving the public; and, also, because the disclaimer being now a part of the specification, the specification is not open to the alleged objection.

The defences set up are overruled as not sustained by the evidence, and a decree to that effect will be entered.

[For other cases involving this patent, see note to Schillinger v. Gunther, Case No. 12,456.]

SCHILLINGER (UNITED STATES v.). See Case No. 16,228.

SCHIMER (UNITED STATES v.). See Case No. 16,229.

Mann & Cotzhausen, for plaintiff.
George B. Goodwin, for defendant.