BEATTY *v.* HODGES and others.

*(Circuit Court, S. D. New York. July 13, 1881.)*

1. PATENT No. 185,716—SWEAT-LINING FOR HATS—NOVELTY—VALIDITY.

Letters patent No. 185,716, granted December 26, 1876, to John P. Beatty, for improvement in sweat-linings for hats, *held, void for want of novelty.*

Hats with sweat-linings extending well out upon the brim and far enough to be stitched through the brim outside the crown-band, being well known, complainant's patent for extending the sweat-lining well out upon the brim, *crimping* it over the angle formed by the brim and crown, and stitching it to the brim by stitches passing *perpendicularly* through the brim outside the crown-band, *held, invalid.*

In Equity.

*Eugene Theadwell,* for plaintiff.

*Frederick H. Betts,* for defendants.

WHEELER, D. J. This suit is brought upon letters patent No. 185,-716, dated December 26, 1876, issued to the plaintiff for an alleged improvement in hats, consisting in extending the sweat-lining well

out upon the brim, crimping it over the angle formed by the brim and crown, and stitching it to the brim by stitches passing perpendicularly through the brim outside of the crown-band. The principal defence is want of novelty.

The evidence shows clearly that hats with sweat-linings extending well out upon the brim, and far enough to be stitched through the brim outside the crown-band, were well known before the orator's invention, and perpendicular stitching was well known long before. If the crimping referred to in the patent means holding in place by the stitches, which in this connection is the literal meaning, then sweat-linings so held were also well known. If it means shaping to the parts of the brim and crown adjacent to the angle formed by them, in the sense of crimping as the word "crimp" is sometimes used by boot-makers, the sweat-linings extending out upon the brim were, in the former sense, crimped by the stitches holding them, and in the latter sense by the head of the wearer shaping them over the angle of the brim into the crown, if they were not so shaped before. The crimping in the latter sense was probably better done by the plaintiff than it had been done before; but that was merely applying better workmanship to the subject, and not inventing anything new in that behalf. Probably sweat-linings so extending out upon the brim had not been stitched to the brim by stitches extending perpendicularly through it outside the crown-band before. But as such sweat-linings were known, and such stitching was known, all the plaintiff really found out that was new was that such stitches would be useful in that place. This was merely putting old stitches to a new use, and not patentable. The stitches of that sort, and that kind of sweat-lining, may never have been put together in that way before, but whether they had or not they do not work together to accomplish any new result attributable to their new relations to each other. The sweat-lining would be the same fastened in some other way than it is fastened by these perpendicular stitches. *Hailes* v. *Van Wormer*, 20 Wall. 353; *Reckendorfer* v. *Faber*, 92 U. S. 347.

Let a decree be entered dismissing the bill of complaint, with costs.