## BRAINARD *v.* CRAMME.

*(Circuit Court, N. D. New York.* June 26, 1882.)

1. PATENTS FOR INVENTIONS—REISSUE.

Where a process patent was claimed in the reissue, and everything essential to the process was pointed out in the original patent nine years before the reissue, and in the mean time other inventors have occupied the ground covered by the general subject-matter of the invention, what was therein pointed out and not claimed is to be deemed abandoned to the public.

2. CLAIMS IN REISSUE—CONSTRUCTION—RULE OF.

Where claims in the reissue relating to the apparatus, considered literally, are broader than the claims in the original, describing the functions rather than the mechanism, they are to be construed with reference to the specification, and so, if consistent with the language used, as to secure to the patentee the invention which is described, but not so as to embrace any invention broader in its scope than that in the original invention.

3. INFRINGING PATENT.

The patent of defendant may be valid, and possibly his mechanism is an improvement on complainant's; but this will not protect him from the charge of infringement.

*A. J. Todd,* for complainant.

*Edward Fitch,* for defendant.

WALLACE, C. J. The doubtful question in this case is whether the reissued patent on which this action is founded is for the same invention as that described and claimed in the original. The original patent bears date June 5, 1869, and is for an improved machine for washing shavings in breweries. As described in the specifications, the invention consists of a hollow perforated shaft, in combination with a hollow cylinder, hung together in a frame, for the purpose of discharging a fresh current of water in jets upon the contents of the cylinder while it revolves. The frame is described merely as a strong

rectangular frame, supported on legs. The cylinder is made with open staves, or perforated sides, and is suspended horizontally in the frame in a hollow shaft. The shaft extends through the cylinder, and is perforated with a series of holes on all sides. One end of the hollow shaft is fitted to run in a thimble, on which is screwed a pipe for conveying water into the shaft; the other end of the shaft is closed, and carries a crank. The cylinder has a removable cover. In operation, the shavings to be washed are put into the cylinder, the cover is fastened, and the shaft is revolved by turning the crank; the cylinder rotates upon the shaft, and the current of water introduced into the perforated shaft is discharged in jets upon the shavings as their surfaces are presented by the revolution of the cylinder. The dirty water escapes through the openings of the cylinder at its lower side. The patentee states in his description that cylindrical washing-machines are in use, and he disclaims the same as his invention.

The first claim is "a hollow perforated shaft, in combination with the cylinder, and the frame arranged and operating substantially in the manner and for the purpose described."

The reissued letters bear date February 26, 1878, and herein the patentee attempts to secure to himself both a process and the apparatus for carrying out the process for washing breweries. The apparatus is described substantially as in the original patent, except that in the original the cylinder is described as suspended horizontally upon the hollow shaft and as rotating by the revolution of the shaft, while in the reissue the cylinder is not stated to be suspended horizontally, but so constructed as to admit of a rotating or reciprocating action. Considerable new matter, however, descriptive of the process is introduced. Two of the claims relate to the process. The third and fourth relate to the apparatus, and are as follows: "*Third.* The combination of a vessel capable of rotation on its axis with means for producing jets of water within it, substantially as described. *Fourth.* A vessel capable of rotation on its axis in combination with a perforated pipe for producing jets of water within such vessel, substantially as described."

So far as the reissue is an attempt to secure to the patentee the process for the treatment of brewers' shavings, it is entirely inoperative. The process as described and claimed therein is merely for the treatment of the shavings by the employment of the described apparatus. It is difficult to appreciate any practical benefit which is obtained by the patentee by calling his patent a process patent instead of one for the machine; and it is conceded that as everything essen-

tial to the process was pointed out in the original patent nine years before the reissue, and in the mean time other inventors have occupied the ground covered by the general subject-matter of the invention, what was therein pointed out and not claimed is to be deemed abandoned to the public, within the recent decisions relative to reissues. As to the claims for the process the complainant proposes to file a disclaimer.

The claims in the reissue relating to the apparatus, considered literally, are broader than the claim in the original. Indeed, they describe the functions rather than the mechanism of the apparatus. But they are to be construed with reference to the specification, and so, if consistent with the language used, as to secure the patentee the invention which is described. They are not to be construed, if the language will reasonably bear such an interpretation, so as to embrace any invention broader in its scope than that in the original patent.

In view of the state of the art, and of the apparatus described in the original patent and shown in the drawings, the patent was for a new combination of old parts, which consisted in locating the hollow perforated shaft within a hollow cylinder having openings in its sides and suspended horizontally in a frame, so that cylinder and shaft rotate together by turning the crank of the shaft.

The gist of the invention was in the adaptation of the several parts for the specific purpose described. The peculiar materials to be washed required special instrumentalities. A machine for cleaning rags, containing a revolving horizontal cylinder mounted on hollow axles, through which water can be conveyed to the contents of the cylinder and can escape through perforated plates at the end, is shown in the English patent to Foudriner of 1834. But in this patent there is not shown a hollow shaft running into the cylinder to discharge jets of water upon the contents of the cylinder.

A machine for forcing liquids into the contents of a vessel capable of rotation on its axis through a perforated vertical shaft, is shown in the English patent to Givine in 1851. But the contents are placed in cages of wire gauze, and the vessel itself is tight. These two English patents present the nearest approximation in the prior state of the art to the present. They are not anticipations; neither of them would do the work satisfactorily required of a machine for washing brewers' shavings. There can be no doubt that it required thought and inventive faculty to organize the distinctive features of these prior inventions into the present mechanism so as to adopt them to the special work to be done.

Reverting now to the claims of the reissue relating to the apparatus, the doubt which they suggest is whether they are not to be construed as so broad as to embrace a cylinder which is not horizontally suspended, and which is not rotated by means of the hollow shaft. The vessel capable of rotation on its axis and the perforated pipe for producing jets of water within such vessel are clearly referable to the cylinder and the shaft described in the specification, but the doubt is whether the specification in the reissue does not describe a cylinder which need not be horizontally suspended, and which will admit of a reciprocating as well as a rotating action upon the shaft. Considered in its entirety, it would seem from the specification that the horizontal cylinder is indispensable to the efficiency of the mechanism, and there is nothing in the description which refers to any means for conveying reciprocating action to the cylinder. In the absence of anything in the proofs to indicate any reason for an expansion of the claim, and in view of the apparent necessity of employing a cylinder which is suspended horizontally and is rotated by the shaft, the conclusion is reached that the fourth claim of the reissue can be sustained as substantially identical with the first claim of the original patent.

The defendant has appropriated the invention thus secured to the complainant, and it may be that the desire to protect the complainant against the piracy of his invention has led to undue liberality in the construction of the reissue. Precedents are not wanting, however, to justify such a broad construction. *Swan Turbine Manuf'g Co. v. Ladd,* 2 Banning & Arden, Pat. Cas. 488, is in point, where a more nebulous claim than the present was sustained by limiting it to the particular mechanism described. This case was affirmed by the supreme court. 102 U. S. 408.

It is not intended to intimate that the defendant's patent is not a valid one. Very possibly his mechanism is an improvement upon the complainant's, but this will not protect him from the charge of infringement.

The complainant will have a decree for an injunction and accounting, but without costs, upon making due proof or notice to the adverse party of the filing of a disclaimer as to the claim for the process according to law.