SHANNON *v.* BRUNER.

*(Circuit Court, E. D. Missouri, E. D.* May 3, 1887.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—CONCRETE PAVEMENTS.

Plaintiff was the owner of a patent for laying a concrete pavement in blocks, so that one block might be removed without injuring the rest of the pavement; the division being effected by putting tar-paper or some equivalent material between the blocks. Defendant first laid a lower course of concrete, removed the wooden frame around each block, and against the edges of the concrete placed paper, sand, or wood, to separate it from the adjoining block: then placed another course of concrete above, and cut through the upper course with a trowel, making the joints of the upper course coincide with those of the lower course. *Held,* that by the interposition of sand, paper, or wood between the blocks in the lower course, he infringed upon the patent of the plaintiff.

2. SAME—UTILITY—CONCRETE PAVEMENTS.

The evidence showed that many attempts had been made to lay concrete pavement substantially in the mode described in plaintiff's patent, and that when so laid it materially affected the wear of the pavement, and prevented cracking by frost. *Held,* that the patent was not void for want of utility.

3. SAME—ANTICIPATION—CONCRETE PAVEMENTS.

Plaintiff had a patent for laying a concrete pavement in blocks, so that the blocks could be removed. Defendant plead that the patent was void for want of invention, in view of prior patents,—one for a concrete foundation for a stone pavement without joints, with removable panels; one for a combination for a pavement, but not covering any method of laying the substance; and one for laying strips of wood across the bed prepared for the concrete, and spreading the concrete over them, but not providing for forming blocks

with joints extending from the foundation to the surface, as did the plaintiff's. *Held,* that none of these established the defense interposed by the defendant.

In Equity.    Bill for injunction.
*Upton M. Young, Alexander Young,* and *Albert Blair,* for complainant.
*Geo. H. Knight* and *Hough, Overall & Judson,* for defendant.

THAYER, J.    This is a suit for infringement of letters patent on concrete pavements, granted to John J. Schillinger, July 19, 1870, and reissued under date of May 2, 1871.    This patent has been several times before the various federal courts in cases of alleged infringement, and the decisions are not wholly in accord as to what is covered by the patent. The disagreement appears to have arisen since a disclaimer was filed by the patentee in 1875, whereby he withdrew certain parts of the specifications of the reissued letters.    The circuit courts have very generally held the invention, since the disclaimer, to consist in dividing a concrete pavement, as it is laid into blocks or sections, so that one block may be removed or repaired without injury to the rest of the pavement, the division being effected by interposing some substance between the blocks, such as tar-paper, or some equivalent material.    *Schillinger* v. *Gunther,* 14 Blatchf. 152; *Same* v. *Same,* 17 Blatchf. 66; *Paving Co.* v. *Molitor,* 7 Sawy. 190, 8 Fed. Rep. 821; *Schillinger* v. *Brewing Co.,* 21 Blatchf. 383, 17 Fed. Rep. 244; *Kuhl* v. *Mueller,* 21 Fed. Rep. 510.    On the other hand, the supreme court of the district of Columbia has held, in an elaborate and carefully prepared decision, that the Schillinger invention, after the disclaimer, "comprehended only a combination of strips of tar-paper, or its equivalent, with separate concrete blocks," so as to make a tight joint; and the equivalent of tar-paper was held to be some "flexible or manageable substance, like tin-foil."    *Schillinger* v. *Cranford,* (decided July 6, 1885,) O. G. December 21, 1886, p. 1349.

Owing to the special jurisdiction in patent cases conferred on the supreme court of the District of Columbia, its decisions in such matters are entitled to great respect.    But the supreme court of the United States, in a still later case, seem to have approved of the construction given to this patent by the circuit courts of the United States, in the cases first above cited.    *Paving Co.* v. *Schalicke,* 119 U. S. 404, 7 Sup. Ct. Rep. 391. While the supreme court, in the case last referred to, does not attempt to define the scope of the Schillinger invention by an independent examination of the subject, yet it refers with manifest approval to the cases of *Schillinger* v. *Gunther, supra,* and other kindred cases; and the question of infringement or non-infringement, in the case under consideration, is made to turn on the point whether there had been a complete division of the pavement into blocks, in the process of laying the same, by the interposition of some separating medium, so as to permit blocks to be removed separately, and so as to control the line of fracture. The court say:

"The evidence in the present case shows that the defendant, during the process of making his pavement, marked off its surface into squares.    But the

question is *whether he, to any extent, divided it into blocks, so that the line of cracking was controlled and induced to follow the joints of the divisions, rather than the body of the block, and so that a block could be taken out, and a new one put in its place, without disturbing or injuring the adjoining block.*"

And, inasmuch as it appeared in that case that the defendant laid his pavement in strips, and then marked the same crosswise, and merely on the surface, with a blunt marker, without dividing the same into blocks, as provided in the Schillinger patent, the court held that the latter patent had not been infringed. I regard the case of *Paving Co.* v. *Schalicke* as settling the construction to be given to the Schillinger patent, and as adopting a construction substantially in accordance with the rulings of Judges SHIPMAN and BLATCHFORD in *Schillinger* v. *Gunther*, 14 Blatchf. 152, and 17 Blatchf. 66. I turn, therefore, to a consideration of the alleged acts of infringement in this case.

The testimony shows, beyond contradiction, that the defendant, for several years past, has been engaged in laying concrete pavements. It is not denied that he divides his pavements into sections or blocks in the process of laying the same, and while the concrete is in a plastic state, by interposing some substance, such as tar-paper, blue-paper, sand, or thin strips of wood, between the blocks. The evidence shows that he first lays a lower course of concrete, from $2\frac{1}{2}$ to 4 inches in thickness; then removes the scantling forming the frame for the block, and against the edges of the concrete places paper or sand or wood to separate it from the adjoining block; then forms the adjoining block in the same manner as the first was formed, and eventually covers the lower course of concrete with an upper course of finer concrete, from one-half to three-fourths of an inch thick, and cuts through the upper course with a trowel, so as to make the joints of the upper course coincide with the joints of the lower course, which are filled with the material above stated; that is to say, with paper, sand, or wood. The result of the process is a concrete pavement, divided into sections with the joints of the lower course filled with some substance, which produces a complete separation of the blocks from the base to the surface, and permits them to be separately removed, and to crack separately when upheaved by the frost, without necessarily injuring the adjoining blocks. On the hearing of this case, it was contended that the defendant only used thin wedge-shaped strips of wood to separate the various sections of the pavement. The testimony, however, tends strongly to show that strips of wood were only used by the defendant for a brief period, and that, as a general rule, he has separated the blocks by the use of sand packed closely against the edges of the block while it is in a plastic state, and before the formation of the adjoining block, or by the use of some species of paper in the place of sand, or by the use of sand and paper combined, or a poor quality of concrete. As the defendant divides a concrete pavement into blocks by the permanent interposition of sand, paper, or wood between the same, in manner last described, it is not necessary, in this case, to consider whether the making of a joint between the sections by a trowel, cleaver, or some sharp

instrument, while the concrete is in a plastic state, (the joint being left open or unfilled,) would be an infringement of the Schillinger patent. But the process above described, that has been adopted by the defendant, is, in my judgment, a clear infringement of the Schillinger patent; putting that constructoin upon the invention which I feel bound to do, under the authorities above cited.

With respect to the second defense interposed by the defendant, that the Schillinger patent is void for want of utility, it will suffice to say that the defense is not sustained by the proof. The fact that so many attempts have been made (as disclosed by the proofs and briefs in this case) to lay concrete pavements substantially in the mode described in the Schillinger specifications, demonstrates very conclusively that the method of dividing concrete pavement into separate sections as it is laid has substantial merit. It seems clear that the laying of the concrete pavement in sections, rather than in one continuous sheet, has a very material effect on the wear of the pavement; that the joints prevent the pavement from cracking to the same extent and in the manner that they would otherwise crack when upheaved by frost. This is evidently the view entertained by men experienced in the business of laying concrete, either for pavements or floors, and there appears to be no reason to doubt the utility of the invention.

The third defense insisted upon by the defendant is that the patent is void for the want of invention, in view of the older art. Numerous prior patents have been pleaded and offered in evidence in support of this defense. The patents chiefly relied upon seem to be those of F. N. Hopkins, issued in November, 1869; that of Horace P. Russ, issued March 28, 1854; and that of W. B. Steele, issued in July, 1869. With respect to the Russ patent, it is unnecessary to do more than to call attention to the remarks of Judge BLATCHFORD, with respect to that patent, in the case of *Schillinger* v. *Brewing Co.*, 17 Fed. Rep. 244, namely: "The Russ patent shows a concrete foundation for a stone pavement without joints, and having removable panels, consisting of frames filled with concrete, to be lifted out to give access to water-pipes.", Although no expert testimony was introduced by the defendant in that case to point out wherein the Russ patent had a bearing upon the invention of Schillinger, yet the patent itself and the specifications were before the court, and in themselves they clearly showed the nature and extent of the Russ invention, and the bearing it had on the Schillinger process. Giving the Schillinger patent the scope which has heretofore been given it, and conceding that that which is claimed and covered by it is patentable, it seems obvious that it was not anticipated by the Russ patent. Neither does the Hopkins patent anticipate the Schillinger invention. The Hopkins patent was for a combination of Richie mineral or albertite, with sand and gravel, or other equivalent substances, to form a conglomerate for paving or roofing material. The patent in question did not cover any particular method of laying the substance. The inventor evidently contemplated that it was to be laid in one continuous sheet or mass, or that it should be moulded into blocks, and laid in the same manner in which

bricks are ordinarily laid. The Steele patent approaches somewhat nearer to the invention claimed by the Schillinger patent, but it cannot be said that it anticipated the Schillinger patent. Steele simply laid strips of wood diagonally across the bed or foundation prepared for the concrete, and spread the concrete in one continuous mass over the strips of wood, so as to imbed them therein. It does not appear, however, that he contemplated forming blocks or sections of concrete, with joints extending from the foundation to the surface, in the manner adopted by Schillinger.

The result of my investigation is that none of the defenses interposed by the defendant have been established. A decree will accordingly be entered in favor of the plaintiff, as prayed for in the bill.