## PAGE MACH. CO. v. DOW, JONES & CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909. On Rehearing, March 25, 1909.)

### No. 147.

1. PATENTS (§ 328*)—INFRINGEMENT—PRINTING TELEGRAPH INSTRUMENT.

The Joy patent, No. 780,664, for a printing telegraph receiver, as to all claims except claim 12, *held* valid and infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. PATENTS (§ 324*)—SUIT FOR INFRINGEMENT—DISCLAIMER—EFFECT OF DECISION OF PARTIAL INVALIDITY BY TRIAL COURT.

Where a Circuit Court, in a suit in equity for infringement of a patent has held certain claims of the patent invalid, as too broad, but has entered an interlocutory decree granting an injunction and accounting for infringement as to other claims, from which defendant has appealed, the Circuit Court of Appeals, on an affirmance of the same, will not require complainant to enter a disclaimer, under Rev. St. § 4922 (U. S. Comp. St. 1901, p. 3396), as to the claims adjudged invalid by the Circuit Court, until by the entry of a final decree he has had the opportunity to appeal and have such adjudication reviewed by the appellate court.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 324.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 166 Fed. 473.

Emerson R. Newell (Brown & Seward, of counsel), for appellant. Gifford & Bull, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Decree of Circuit Court affirmed, with costs, on opinion of Judge Hazel.

### On Rehearing.

LACOMBE, Circuit Judge. The Circuit Court, inter alia, held that all of the claims of the Joy patent, No. 780,664, were valid and infringed. Upon a rehearing this decision was modified by giving to claim 12 of that patent a broader construction than at first, and, as thus construed, finding anticipation in a prior patent. Interlocutory decree for injunction and accounting on the other claims was entered accordingly. Defendant appealed from so much of the decree as held these claims valid and infringed. Complainant could not appeal from so much of the decree as dismissed the bill as to claim 12, because the decree was not final. This court, after argument of the appeal, affirmed the Circuit Court. Defendant contends that this court should instruct the Circuit Court that no decree should be granted—or, at least, that no injunction should issue—upon this patent until a disclaimer of claim 12 has been filed in the Patent Office and a certificate thereof lodged in the case. Reliance is had on sections 4917 and 4922, Rev. St. U. S. (U. S. Comp. St. 1901, pp. 3393, 3396).

The practice indicated in the motion apparently originated in this circuit, and has been there followed in a large number of cases. enu-

merated in the brief as follows: Myers v. Frame, Fed. Cas. No. 9,991; Burdett v. Estey, Fed. Cas. No. 2,145; Christman v. Rumsey, Fed. Cas. No. 2,704; Schillinger v. Gunther, 17 Blatchf. 66, Fed. Cas. No. 12,458; Atwater v. Beecher (C. C.) 8 Fed. 610; Tyler v. Galloway (C. C.) 12 Fed. 567; Brainard v. Cramme (C. C.) 12 Fed. 621; Matthews v. Spagenberg (C. C.) 19 Fed. 823; Hake v. Brown (C. C.) 37 Fed. 783; Union Paper Bag Co. v. Waterbury (C. C.) 39 Fed. 389; Electric Accumulator Co. v. Julien (C. C.) 38 Fed. 117; Steam Gauge Co. v. Kennedy (C. C.) 41 Fed. 38; Smead v. Union (C. C.) 44 Fed. 614; Williams v. Barnard (C. C.) 41 Fed. 360; Brush v. Electric Acc. Co. (C. C.) 47 Fed. 48. In the case last above cited Judge Coxe said:

"The rule which obtains in this circuit requiring a disclaimer of invalid claims as a condition of a decree has always seemed an arbitrary one. It certainly seems inequitable that the court, at nisi prius, should compel the patentee to renounce forever a claim which may be held valid upon appeal. It is possible that this rule may be modified by the Circuit Court of Appeals."

And in Ballard v. McCluskey (C. C.) 58 Fed. 880, the same judge said:

"The claim is too broad, and under the arbitrary, and to my mind unjust, rule which obtains in this circuit must be disclaimed."

This is the last reported case in this circuit, but for the past 15 years the writer, sitting at circuit, has repeatedly refused to follow this practice on the expressed ground that it was grossly inequitable and that no decision of the Supreme Court constrained any judge to enforce it. In no case was such refusal brought up for review before the Court of Appeals. It should be borne in mind that the Supreme Court decisions referred to and relied on were rendered at a time when there was but one appeal in a patent cause, taking the whole case on appeal from final decree direct from the Circuit to the Supreme Court. The act of 1891,[1] and its construction by the Supreme Court (In re National Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707), had not made it necessary, when a trial judge held some claims to be valid and infringed and other claims to be invalid, to have two appeals on practically the same record—sometimes years apart—to secure a determination of the controversy.

The Supreme Court decisions referred to in the brief are these:

O'Reilly v. Morse, 15 How. 120, 14 L. Ed. 601. In that case the Circuit Court held the eight claims of the patent to be valid and issued an injunction. The Supreme Court affirmed as to the other claims, but held that the eighth claim was void and should be then disclaimed; there being no unreasonable delay in filing the disclaimer up to that time when the case was decided by the Supreme Court on appeal, because until then complainant had no reason to think the claim was void.

In Seymour v. McCormick, 19 How. 106, 15 L. Ed. 557, the court said:

"In respect to the question of unreasonable delay in making the disclaimer, as going to the whole cause of action, the court are of opinion that the granting of the patent for this improvement, together with the opinion of the court below maintaining its validity, repels any inference of unreasonable delay in correcting the claim, and that, under the circumstances, the question is one

---

[1] Act March 3, 1891, c. 517, § 7, 26 Stat. 828 (U. S. Comp. St. 1901, p. 550).

of law. This was decided in the case of the telegraph (O'Reilly v. Morse, 15 How. 121, 14 L. Ed. 601). The Chief Justice, in delivering the opinion of the court, observed that 'the delay in entering it [the disclaimer] is not unreasonable, for the objectionable claim was sanctioned by the head of the office. It has been held to be valid by a Circuit Court, and differences of opinion in relation to it are found to exist among the justices of this court. Under such circumstances, the patentee had a right to insist upon it, and not disclaim it until the highest court to which it could be carried had pronounced its judgment.' "

Silsby v. Foote, 61 U. S. 378, 15 L. Ed. 953, is to the same effect.

In Gage v. Herring, 107 U. S. 646, 2 Sup. Ct. 825, 27 L. Ed. 601, the court says:

"Considering that the question of the validity of the new claim in the reissue is a question of law upon the face of the patent, and that its validity has been sanctioned by the Commissioner of Patents in granting the reissue and upheld by the Circuit Court, there has been no unreasonable delay in entering a disclaimer; for the plaintiffs were not bound to disclaim until after a judgment of this court on the question."

But it required complainant to file disclaimer before entering a decree of the Supreme Court, and under the section of Revised Statutes, supra, refused him costs. To the same effect is Yale Lock Co. v. Sargent, 117 U. S. 536, 6 Sup. Ct. 934, 29 L. Ed. 954.

There is nothing in these decisions which, by requiring disclaimer to be filed upon a partially adverse decision in the Circuit Court, practically makes the single judge who first hears the cause a final arbiter, with no opportunity to review his decision in any appellate tribunal. Such an interpretation of the section seems unreasonable, and the so-called "rule of practice" in the Second circuit, which is the subject of the present motion, will no longer be followed.

The motion to instruct is denied, but, of course, under the Revised Statutes, the Circuit Court can give no costs.