PAGE MACH. CO. v. DOW, JONES & CO.

(District Court, S. D. New York. February, 1912.)

No. 9,275.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PRINTING TELEGRAPH RE-
CEIVER—EFFECT OF DISCLAIMER.

The Joy patent, No. 780,664, for a printing telegraph receiver, claim 12,
was not changed in character, nor invalidated, by the disclaimer filed,
which substituted the words "constantly rotating drive shaft" for the
words "constantly acting source of power," but limited merely, and, as so
limited, it was not anticipated and discloses invention; also *held* in-
fringed.

In Equity. Suit by the Page Machine Company against Dow,
Jones & Co. On final hearing on supplemental bill. Decree for
complainant.

For former opinion, see 166 Fed. 473. See, also, 200 Fed. 74.

Gifford & Bull, of New York City (J. Edgar Bull, of New York
City, of counsel), for complainant.

Emerson R. Newell, of New York City, for defendant.

HAZEL, District Judge. This case presents for consideration
claim 12, only, of the patent to Joy, No. 780,664, and relates to im-
provements in a printing telegraph receiver. In my former opin-
ions (see Page Machine Co. v. Dow, Jones & Co., 166 Fed. 476–
479) arising out of this litigation, my views relating to the nature
and scope of the patent and claim in controversy are fully set forth,
and reference is made thereto for a more particular description of
the complainant's machine, which covers mechanisms for line spac-
ing, the same being under constant stress and driven by a constantly
rotating shaft.

The record before the court is the result of a supplemental bill
averring infringement of claim 12, which heretofore was held *not*
infringed, and which was amended by disclaimer filed in the Patent
Office after affirmance by the Circuit Court of Appeals of the orig-
inal opinion. It was held by me on rehearing that the "constantly
acting source of power," an element of the original claim 12 did
not mean the constantly rotating shaft with which the machine is
provided, but referred solely to the electric motor which drives the
shaft as the said source of power. In the opinion it was said:

"If the words 'constantly acting source of power' meant the continuously
revolving driven shaft, and not, as claimed by the defendant, the electric
motor, I would not alter my previous holding regarding this claim; but that
the 'constantly acting source of power' is in fact the motor, appears clearly
by Mr. Foster's testimony. * * * It is claimed by complainant that the
constantly acting source of power of claim 12 was the continuously revolv-
ing driven shaft; but the complainant's expert witness, Mr. Foster, was of
a different opinion, and I therefore conclude that claim 12 is anticipated by
the Wright machine No. 3."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Claim 12, as amended by the disclaimer, reads substantially as follows:

"12. In a printing telegraph receiver, the combination of a type-wheel, paper-feeding mechanism, a constantly rotating drive shaft, and means for continuously feeding the paper without feeding the type-wheel as long as said drive shaft is supplying power, for substantially the purposes set forth."

It will be noticed, on comparison with the original claim, that the words "a constantly rotating drive shaft" have been substituted in place of the words "constantly acting source of power." The elements of the claim are a type-wheel for letter spacing, a paper-feeding mechanism for line spacing, a constantly rotating drive shaft to furnish power to different mechanisms, and means for continuously feeding the paper without feeding the type-wheel for letter spacing as long as the drive shaft supplies power. The said shaft rotates the type-wheel and the letter-spacing and line-spacing devices, intermittently; such devices being under constant stress, in view of the fact that the constantly driven shaft is continually in readiness to actuate the movable instrumentalities connected to it.

The defendant insists that the disclaimer changes the character of the invention and substitutes a different element; but I am persuaded by the proofs to the contrary. To substitute the words "constantly rotating drive shaft" for the words "constantly acting source of power" did not, in my opinion, alter or change the invention; nor was it the addition of an equivalent element for one that had been abandoned. The effect of the disclaimer was merely to limit the original claim, which was thought too broad, to a constantly rotating drive shaft actuated by a constantly rotating motor. Disclaimers of this description, when filed within reasonable time of the discovery that a disclaimer is necessary, have many times received the approval of the federal courts. Aiken v. Dolan, 3 Fish. Pat. Cas. 197, Fed. Cas. No. 110; Tuck v. Bramhill, 6 Blatchf. 97, Fed. Cas. No. 14,213; Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566; Dunbar v. Myers, 94 U. S. 187, 24 L. Ed. 34; Cartridge Co. v. Cartridge Co., 112 U. S. 628, 5 Sup. Ct. 475, 28 L. Ed. 828; Hailes v. Albany Stove Co., 123 U. S. 582, 8 Sup. Ct. 262, 31 L. Ed. 284; Electric Accumulator Co. v. Julien Elec. Co. (C. C.) 38 Fed. 117; Thompson v. Bushnell, 96 Fed. 238, 37 C. C. A. 456.

The defendant also contends that claim 12 is anticipated by the prior art. The testimony produced to substantiate this contention does not differ materially from that which has already been considered and to portions of which I shall briefly refer. The Sheehy machine, patent No. 506,274, it is claimed, contains all the elements of the claim under consideration. But this machine was a so-called tape ticker, wherein tape was used in connection with telegraph printing, and it was necessary to move the paper to make the spacing between the letters; while in complainant's machine—a page ticker— the necessary spacing between the letters is achieved by moving the type-wheel without moving the paper. It is not, in my opinion, of material importance that complainant's invention by a slight alteration of the parts could also be used as a tape ticker.

Neither can the Wright patent, No. 466,858, be considered to anticipate the present claim, as it is shown that the drive shaft in such patent does not rotate constantly, but is rotated intermittently. It is important to note that the more definite element of the disclaimer —the constantly rotating drive shaft—is capable of immediate action on a plurality of mechanisms of which the Wright machine by the use of the drive shaft is incapable. True, it continuously drives the paper-feeding mechanism for line spacing; but it cannot drive the type-wheel to move the paper to the type, and also the mechanism for letter spacing. The Wright patent, No. 460,328, describes a constantly rotating motor, which, however, does not rotate the letter-spacing mechanism. Indeed, there is nothing disclosed by this separate motor device which requires special attention. There are other prior patents claimed to anticipate the patent in suit, but in none of them is found a structure approximating the devices to which attention has been directed herein or in the original opinion.

The claim under consideration, as heretofore indicated, has not been broadened by the disclaimer, but has been limited to a vertically driven shaft, which constantly rotates and which is the immediate source of power by which the three instrumentalities or mechanisms to which reference has been made are actuated and driven to perform their functions. The earlier patents, as stated in the original opinion, were contributions to the general state of the art, while Joy, the patentee herein, improved the page ticker device and brought it to a stage where it lessened interruption or break in the transmission of news.

For the foregoing reasons, I conclude that the disclaimer was proper, that claim 12 was not anticipated by the antecedent art, and that there have been infringements by the defendant of complainant's patent and of the claim in controversy.

A decree may be entered as prayed for in the supplemental bill, but without costs.