ATWATER MANUF'G Co. and others *v.* BEECHER MANUF'G Co.

*(Circuit Court, D. Connecticut. July 21, 1881.)*

1. RE-ISSUE No. 8,694—DIES FOR FORMING HEADS OF WAGON KING-BOLTS—VALIDITY—INFRINGEMENT.

    Re-issued letters patent No. 8,694, granted May 6, 1879, to Robert R. Miller, for dies for forming the heads of king-bolts for wagons, *held void* as to its *first* claim, and *valid* and *infringed* as to its *second* claim.

2. ORIGINAL SPECIFICATION—RE-ISSUE SPECIFICATION—"NEW MATTER."

    The original specification describing the invention as consisting of a *series* of dies, and disclaiming the use of the dies *separately*, the description in the re-issue of *separate* forming dies is the introduction of "new matter," and the claim thereon is therefore void.

3. RE-ISSUE—"NEW MATTER."

    "New matter" cannot be introduced into a re-issued patent, even though it be the invention of the patentee, and was inadvertently omitted from the original application or specification.

*Charles R. Ingersoll* and *George S. Prindle,* for plaintiffs.

*Hector T. Fenton,* for defendant.

SHIPMAN, D. J. . This is a bill in equity, founded upon the infringement of re-issued letters patent No. 8,694, issued May 6, 1879, to Robert R. Miller, assignor to the plaintiff, for improvement in dies for forming the heads of king-bolts for wagons. The original patent was issued to Miller, February 22, 1870.

The patented dies consist of two pairs, one for forming and the other for bending the blank. The two claims of the re-issued patent are as follows:

"(1) The die *Bbb'* and the die C, constructed and combined substantially as and for the purpose shown. (2) The series of dies, B, C, D, and E, for forming clip king-bolts, substantially as shown and described."

The first claim relates to the forming dies, the second to the series of dies. Infringement of both claims was clearly proved. The attempts by the defendant to disprove infringement and novelty of invention were alike unsatisfactory. The only question of importance in the case relates to the validity of the first claim of the re-issued patent. In the specification of the original patent the patentee said: "It (my invention) consists in the series of dies constructed and operating as hereinafter more fully described," and "I wish it to be understood that I do not claim either of the dies herein described separately." The original claim was for "the series of dies A, B, and C," etc. In the re-issue, the patentee says: "It (the invention) consists principally in the forming dies constructed in the manner substantially as hereinafter shown." The specification of the re-issue omits the disclaimer which has just been quoted.

The original application was filed July 31, 1869, and was for the forming and bending dies, but not as a series. On October 9th, 1869, an interference was declared between Miller's claim for the dies B and C, (the bending dies,) and the first claim in F. B. Morse's application. On February 5, 1870, Miller's application was amended by inserting in the statement of the invention "series of" before "dies," and by inserting before the claim the sentence which has been quoted, "I wish it to be understood," etc., and by inserting in the claim the words "series of" before "dies." The interference was dissolved February 2, 1870, and on February 5th the application passed for issue. A patent was also issued on February 22, 1870, to F. B. Morse, but it has not been placed in evidence.

The evidence in the record is too scanty to bring this case within the doubts expressed by the supreme court in *Leggett* v. *Avery,* 101 U. S. 256; and *Goodyear Vulcanite Co.* v. *Davis,* 102 U. S. 222. There is no sufficient evidence upon which to base a finding that the disclaimer was made in order to obtain the issue of the patent; for it was far broader than was necessary to adjust by compromise the "interference" controversy, which related solely to the bending dies. The question at issue here is whether, in this case, the insertion of a claim in the re-issue for the forming dies was the insertion of new matter, in view of the fact that the original patent declared the invention to consist in a series of dies, and formally disclaimed the invention of dies separately, although it is apparent from the testimony in regard to novelty that the forming dies were the invention of the patentee. The section upon the subject of re-issues prohibits the introduction of "new matter" into the specification, even though the new matter was the invention of the patentee, and was inadvertently omitted from the original application. If the matter is "new," the patentee cannot obtain by a re-issue the benefit of that part of his invention, and must make a new application, in which case he will be subject to the rights of other inventors and of the public. Mr. Justice Bradley, speaking for the court, in *Powder Co.* v. *Powder Works,* 98 U. S. 126, says, in language evidently used with care:

"The legislature was willing to concede to the patentee the right to amend his specification so as fully to describe and claim the very invention attempted to be secured by his original patent, and which was not fully secured thereby in consequence of inadvertence, accident, or mistake; but was not willing to give him the right to patch up his patent by the addition of other inventions, which, although they might be his, had not been applied for by him, or, if applied for, had been abandoned or waived."

In this case the description of the original patent said that the invention did not consist in what the re-issue now says it did consist. The original patent carefully excluded the part which the re-issue says is the principal portion of the invention. I do not mean to say, as matter of law, that an untruthful disclaimer, inadvertently made, of a minor part or detail of an invention can never be disclaimed, but I simply say that a comparison of the original and re-issued patents in this case shows that new matter was inserted in the re-issue, the comparison showing that the amendments which were introduced into the re-issue substantially changed the character of the invention which was the subject of the original specification, because they reclaimed an important part of the invention which had once been applied for and thereafter had been formally waived. The other criticisms which were made by the defendant upon the re-issue do not seem to me to be important.

The second claim is valid, and has been infringed. When the plaintiffs shall have presented to the court satisfactory evidence that they have filed a proper disclaimer of what is claimed by the first claim of the re-issue, they will be entitled to a decree for a perpetual injunction, and an account of profits and damages as respects the second claim of the re-issue, but without costs. *Schillinger* v. *Gunther*, 17 Blatchf. 66.