## HAKE *v.* BROWN *et al.*

### *(Circuit Court, S. D. New York. March 5, 1889.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—BEVEL-EDGED CARDS—PROCESS.
   Letters patent No. 219,464, September 9, 1879, to Philip Hake, describe a method of making bevel-edged cards, and ornamenting the edges by piling them obliquely so that the slope of the pack corresponds to the desired bevel, compressing them to hold them in position, beveling, ornamenting, and finishing the whole pack on the sloping edge, and successively treating the other sides and ends in the same manner. Beveling in packs was not new, but arranging them obliquely, and treating one side or end successively till all were complete, did not appear to have been previously known. Packs can be thus grooved, embossed, or ornamented so as to present beveled designs, which could not be produced by treating the cards separately, and the method of making bevel-edged cards of any design is greatly facilitated. *Held,* that such method of treating the cards is novel and patentable, and claim 1, which is for such method, is valid.

2. SAME—PRODUCT.
   But, as bevel-edged cards were old, and as those made by the process differed from others in no way unless in design, claim 2 of the patent, which is for a card treated in the manner described, is invalid.

3. SAME—VALIDITY—DISCLAIMER ON TRIAL.
   Though under Rev. St. U. S. § 4920, subd. 4, the patent might be held void because it covers a material thing not invented by the patentee, yet, under section 4922, as no willful default or intent to defraud or mislead appears, complainant, in a suit for infringement, which is established, may have a decree, without costs, on filing a disclaimer of the second claim.

In Equity.

Suit by Philip Hake against George F. Brown and another, for the infringement of a patent.

*Arthur v. Briesen,* for orator.

*Walter D. Edmonds,* for defendants.

WHEELER, J. This cause rests upon patent 219,464, dated September 9, 1879, and granted to the orator for an "improvement in visiting cards." The patent describes a method of making bevel-edged cards, and of ornamenting the edges, by piling them obliquely, first, so that the slope of the pack will correspond with the desired bevel, compressing them to hold them in that position, beveling and ornamenting and finishing the whole pack on the sloping edge, which will bevel, ornament, and finish that edge of each separate card by each operation, and of successively treating the other sides and ends of the pack in the same manner, by which means the whole pack is treated as readily as one card. The first claim is for the method of treating cards in this manner, and the second is for a card so treated. The defenses are want of novelty, want of patentability, and lack of proof of infringement.

According to the evidence, bevel-edged cards were not new at the date of the orator's invention; neither was beveling in packs new; but arranging cards in oblique packs, and treating one side or end till all the cards were complete on that side or end, as if they were one card, and treating the other side and ends successively in the same manner, does not appear by the requsite measure of proof to have been known before. By this process the packs can be grooved or embossed and ornamented in a manner to present beveled designs upon the edges of such cards, which could not be produced by treating cards separately, and the making of bevel-edged cards of any design is greatly facilitated. This method seems to be ingenious and useful. Such an arrangement of mechanical operations, that produces a new and useful result, or an old result in an easier or better manner, is understood to be patentable. *Cochrane* v. *Deener*, 94 U. S. 789; *Telephone Cases*, 126 U. S. 1, 8 Sup. Ct. Rep. 778. The first claim of the patent, therefore, appears to be good and valid for the method described.

There is nothing new about the bevel-edged cards produced by this process, except that they are made in this way. They do not differ from those made in any other way, unless they do in design. The process does not inhere to the product, so that it differs from any like product made in any other way, as was the case with Cummings's invention of rubber plates and teeth, in *Smith* v. *Vulcanite Co.*, 93 U. S. 486; or the driven well, in *Eames* v. *Andrews*, 122 U. S. 40, 7 Sup. Ct. Rep. 1073. The product itself here is old in the sense of the patent law, and there can be no patent for it, although produced in this new way. *McKloskey* v. *Du Bois*, 8 Fed. Rep. 710, 9 Fed. Rep. 38; *McCloskey* v. *Hamill*, 15 Fed. Rep. 750. The second claim of this patent, therefore, appears to be invalid.

The plaintiff's evidence tends directly to show that the defendants use this process; and the defendants do not, in testimony, deny that they do, nor dispute or meet this testimony. Upon this state of the evidence the infringement is found as a fact to exist of the first claim.

The patent might be held to be invalid on account of its covering the product, of which the patentee is not the inventor, and which is a material and substantial part of the thing patented. Rev. St. § 4920, subd. 4.

But when such material or substantial part has been claimed through inadvertence, accident, or mistake, without any willful default or intent to defraud or mislead the public, a recovery may be had for the infringement of any part which is *bona fide* the inventor's own, that is a material and substantial part of the thing patented, and definitely distinguishable from the part claimed without right; but without costs, unless a disclaimer is filed before suit brought. Section 4922. The benefits of the provisions of this section are to be denied if the entry of a disclaimer has been unreasonably neglected or delayed, but waiting to take the judgment of a court is allowable. *Burdett* v. *Estey*, 15 Blatchf. 349, 19 Blatchf. 1, 3 Fed. Rep. 566. No such willful default or intent to defraud or mislead appears, or is claimed to exist, thus far in this case. The orator, therefore, appears to be entitled to file a disclaimer of the second claim now, and thereupon to have a decree as to the first claim without costs. Upon the filing of a duly-attested copy from the patent office of a disclaimer of the second claim, let a decree be entered that the first claim is valid, and for an injunction and account accordingly, but without costs.