ENSTEN ET AL. *v.* SIMON, ASCHER & COMPANY, INCORPORATED.

No. 46. Argued December 12, 1930.—Decided February 2, 1931.

*Messrs. O. Ellery Edwards* and *Harold Elno Smith* for petitioners.

*Mr. John F. Neary,* with whom *Messrs. Harry S. Band-ler, Ramsey Hoguet,* and *Daniel L. Morris* were on the brief, for respondent.

*Messrs. Benjamin T. Roodhouse, James A. Brown,* and *Charles Neave,* by special leave of Court, filed a brief on behalf of the Excelsior Steel Furnace Company, as *amicus curiae.*

Mr. JUSTICE McREYNOLDS delivered the opinion of the Court.

By an original bill presented to the District Court, Southern District of New York, November 9, 1929, petitioners sought to prevent respondent from further infringing Letters Patent No. 1,313,080, for improvements in knitted caps and to recover damages. They asked a preliminary injunction; affidavits were presented by both sides; the facts are not controverted.

It appears—

That the patent, 6 claims, issued to Louis H. Ensten August 12, 1919. In the first suit upon it—*Ensten* v. *Rich-Sampliner Co., et al.*—commenced in the District Court, Northern District of Ohio, an interlocutory decree,

dated May 24, 1922, adjudged claims 1, 3, 4 and 5 valid and infringed; claim 2 invalid.

That within 30 days the defendants appealed from so much of that decree as upheld the four claims; the complainant might have but did not appeal. The Circuit Court of Appeals approved the decree so far as challenged, June 20, 1923; the validity of claim 2 was not before it. Rehearing was denied October 4, 1923; mandate issued October 18, 1923. 291 Fed. 1003.

That after such remittance the District Court ordered an accounting. The complainant offered to show damages to his exclusive licensee, Lion Knitting Mills Company. As that Company was not party to the cause, the Master rejected the offer; the court affirmed his action.

That on April 30, 1924, Ensten disclaimed as to claim 2 in the Patent Office. Thereafter, he and the Lion Knitting Mills Company presented a joint bill against the original defendants. A motion to dismiss because of unreasonable neglect and delay in making the disclaimer was sustained April 5, 1926, 13 F. (2d) 132—Judge Westenhaver. The Circuit Court of Appeals, May 9, 1927, held the second bill was in effect an amendment to the original one; declared the objection based upon failure to disclaim more promptly moot; reversed the decree of the District Court; and remanded the cause for appropriate proceedings. Subsequently, the parties settled their differences; the defendant paid substantial damages; and final decree went for the complainants November 1, 1928.

No facts except those above detailed are relied upon.

Having heard the parties to the present proceeding, the trial court held that Ensten, the patentee, unreasonably neglected and delayed to disclaim claim 2 after the District Court in Ohio had declared it invalid, denied an application for injunction and dismissed the bill. The

Circuit Court of Appeals affirmed this action February 4, 1930, *Ensten et al.* v. *Simon, Ascher & Co.*, 38 F. (2d) 71; called attention to the conflict between its views and those of the Circuit Court of Appeals, Seventh Circuit, *Excelsior Steel Furnace Co.* v. *Meyer & Bro. Co.*, 36 F. (2d) 447, and suggested the desirability of an authoritative determination of the controverted question of law.

The petition here for certiorari asked for the writ because of the conflict of opinion in the two Circuits. The point contested below and differently ruled in the Circuit Courts of Appeals concerns the effect of the delay in disclaiming. According to the usual practice we will consider nothing else.

Determination of the issue presented must turn upon the construction and effect of §§ 65 and 71, Title 35, U. S. C. (R. S. §§ 4917, 4922; §§ 7 and 9, Act of 1837, 5 Stat. 193), copied in the margin.*

---

* "Sec. 65. Disclaimer. Whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, his patent shall be valid for all that part which is truly and justly his own, provided the same is a material or substantial part of the thing patented; and any such patentee, his heirs or assigns, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of such parts of the thing patented as he shall not choose to claim or to hold by virtue of the patent or assignment, stating therein the extent of his interest in such patent. Such disclaimer shall be in writing, attested by one or more witnesses, and recorded in the Patent Office; and it shall thereafter be considered as part of the original specification to the extent of the interest possessed by the claimant and by those claiming under him after the record thereof. But no such disclaimer shall affect any action pending at the time of its being filed, except so far as may relate to the question of unreasonable neglect or delay in filing it. (R. S. § 4917.)

"Sec. 71. Suit for infringement where specification too broad. Whenever, through inadvertence, accident, or mistake, and without any willful default or intent to defraud or mislead the public, a

The first of these sections provides in substance that whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, he may be permitted to make disclaimer of such parts of the thing patented as he shall not choose to claim or hold by virtue of his patent. The other permits the patentee to maintain a suit on his patent, although through inadvertence, accident, or mistake, and without any wilful default or intention to mislead the public, he has claimed some material or substantial part as an invention of which he was not the original or first inventor. He is deprived, however, of the right to recover costs, unless he has filed proper disclaimer before commencement of his suit. And it further provides: "But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer."

In order properly to apply these sections consideration must be given to the provisions touching review of inter-

---

patentee has, in his specification, claimed to be the original and first inventor or discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor or discoverer, every such patentee, his executors, administrators, and assigns, whether of the whole or any sectional interest in the patent, may maintain a suit at law or in equity, for the infringement of any part thereof, which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of which the patentee was the first inventor or discoverer. But in every such case in which a judgment or decree shall be rendered for the plaintiff no costs shall be recovered unless the proper disclaimer has been entered at the Patent Office before the commencement of the suit. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer. (R. S. § 4922.)"

locutory decrees by federal courts. Formerly, federal practice permitted appeals only from final decrees. Section 7, Act March 3, 1891, 26 Stat. 828, empowered Circuit Courts of Appeals to review an interlocutory decree granting or continuing an injunction. *Ex parte National Enameling Co.*, 201 U. S. 156. This section was modified by Act of 1895, Chap. 96, 28 Stat. 666, and by Act of June 6, 1900, 31 Stat. 660. And the Act of April 14, 1906, 34 Stat. 116, amended it to read thus— .

" Sec. 7. That where, upon a hearing in equity in a district or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed by an interlocutory order or decree, in any cause an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver, to the circuit court of appeals: . . ."

The Judicial Code, Act March 3, 1911, 36 Stat. 1134, provided—

" Sec. 129. Where upon a hearing in equity in a district court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the circuit court of appeals, notwithstanding an appeal in such case might upon final decree under the statutes regulating the same, be taken directly to the Supreme Court: *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree . . ."

See Act of 1925, § 227, Title 28, U. S. C., which further enlarged the right.

Did the patentee Ensten unreasonably neglect or delay to make disclaimer of claim 2 after May 24, 1922, when the District Court in Ohio declared it invalid? He disclaimed April 30, 1924; and only the facts narrated above are relied on for explanation or excuse.

Under the early accepted general rule a patent with an invalid claim was wholly void, and this defect effectually barred suit upon it. Congress undertook to modify this by §§ 7 and 9, Chap. 45, Act of 1837. 5 Stat. 193. In substance these became §§ 4917 and 4922, Revised Statutes, and 65 and 71, Title 35, U. S. C. The two sections "are parts of one law, having one general purpose, and that purpose is to obviate the inconvenience and hardship of the common law, which made a patent wholly void if any part of the invention was wrongfully claimed by the patentee, and which made such a defect in a patent an effectual bar to a suit brought upon it." *Hailes* v. *Albany Stove Co.*, 123 U. S. 582; *Sessions* v. *Romadka*, 145 U. S. 29, 41. Construed together they "enact that where a patentee claims materially more than that which he was the first to invent, his patent is void, unless he has preserved the right to disclaim the surplus; and that he may: fail to preserve that right, by unreasonable neglect or delay to enter a disclaimer in the Patent Office." Walker on Patents, 6th ed., § 254.

The statute is remedial; the intent is to aid the inventor free from wilful default or intention to mislead the public by permitting him to avoid the consequence of inadvertence, accident or mistake through prompt disavowal of the apparent right to exclude others from something improperly included in the words of his grant. Escape is permitted only to one who acted originally in good faith and who has complied with the prescribed conditions. "The same principle which forbids a patentee to assert a right to more than he has actually invented compels him to disavow the right as soon as he discovers that it

has been unjustly claimed. Unreasonable delay in disclaiming is thus tantamount to an original fraudulent claim, and through it the patentee loses the privilege of making the amendment by which alone his patent could be saved. The question of unreasonable delay is a question for the court, upon the facts as found either by its own investigation or the verdict of a jury.. Delay begins whenever the patentee becomes aware that he has claimed more than he has invented or described. In cases where the excess is not apparent at once upon the inspection of the patent by the patentee, the allowance of his claim by the patent office raises such a presumption in its favor that he may rely on its validity until a court of competent jurisdiction decides that it is broader than his real invention." Robinson on Patents (1890), Vol. II, p. 284.

The petitioners say that, after Judge Westenhaver by interlocutory decree declared claim 2 invalid, the patentee had several options. He might have made disclaimer immediately; he might have appealed from the interlocutory decree within 30 days; he might have awaited the final decree and appealed from that; he might have sued again in another Circuit and prosecuted such suit to final decree. Accordingly, they maintain that the delay which actually occurred cannot be declared unreasonable.

Under this view, a patentee having procured allowance of an invalid claim may hold it in the face of the public for years (here nearly two years) with large possible advantage to himself and much injury to others. By the assertion of his apparent monopoly he may deter others from legitimate action and seriously prejudice the public. See *Miller* v. *Brass Co.*, 104 U. S. 350, 355.

To support their position petitioners rely especially upon *O'Reilly* v. *Morse* (1853), 15 How. 62, 121, and *Seymour* v. *McCormick* (1856), 19 How. 96, 106.

*O'Reilly* v. *Morse* was decided here when appeals in federal courts lay only from final decrees. The Circuit

Court had sustained all claims of the patent. This court held one invalid and then disposed of the contention that because of the failure to disclaim there could be no right to recover under the valid ones. Mr. Chief Justice Taney for the court said:

"It appears that no disclaimer has yet been entered at the patent office. But the delay in entering it is not unreasonable. For the objectionable claim was sanctioned by the head of the office; it has been held to be valid by a circuit court, and differences of opinion in relation to it are found to exist among the justices of this court. Under such circumstances the patentee had a right to insist upon it, and not disclaim it until the highest court to which it could be carried had pronounced its judgment. The omission to disclaim, therefore, does not render the patent altogether void; and he is entitled to proceed in this suit, for an infringement of that part of his invention which is legally claimed and described. But as no disclaimer was entered in the patent office before this suit was instituted, he cannot, under the act of Congress, be allowed costs against the wrongdoer, although the infringement should be proved. And we think it is proved by the testimony."

*Seymour* v. *McCormick* declared—"In respect to the question of unreasonable delay in making the disclaimer, as going to the whole cause of action, the court are of opinion that the granting of the patent for this improvement, together with the opinion of the court below maintaining its validity, repel any inference of unreasonable delay in correcting the claim; and that, under the circumstances, the question is one of law. This was decided in the case of the Telegraph, (15 How. [62] 121)."

Neither of these cases lends support to the petitioners. Attention also has been called to *United States* v. *American Bell Tel. Co.*, 167 U. S. 224, *Simmons Co.* v. *Grier*

*Bros.*, 258 U. S. 82, 91, and other causes; but their facts differ so materially from those now presented that special comment upon them is unnecessary.

In certain definitely defined circumstances, and to the end that the mistaken but honest inventor may obtain relief from the old rule, the disclaimer provisions permit him to deprive the public temporarily of complete freedom from the assertion of a monopoly apparently valid, but not so in fact. When a competent court has declared his pretensions without sufficient foundation, we think good faith and the spirit of the enactment demand that he act with such promptness as the circumstances permit either to vindicate his position or to relieve the public from further evil effects of his false assertion. But for the benign provisions of the statute, such an assertion would invalidate the whole patent; and these provisions were intended to protect only those who by prompt action either seek to overturn an adverse ruling or retreat from a false position.

When the District Court in Ohio declared claim 2 invalid, the owner of the patent might have appealed to the Circuit Court of Appeals within thirty days and thus secured an early determination of his rights. He did not choose this course but continued to hold himself out as possessor of the sole right to " make, use and vend " under the rejected claim, for nearly two years. Then he abandoned it. He made no effort promptly to vindicate what he had asserted nor did he surrender it. Thus he failed to earn the offered exemption and now he may not complain.

A similar view of the meaning and effect of §§ 65 and 71 has been often accepted by District Courts and Circuit Courts of Appeals. The doctrine there commonly approved is that, where one claim of a patent is declared invalid, the trial court may refuse a decree sustaining the

others until there is disclaimer as to the invalid one or a prompt appeal. Walker on Patents, 6th ed., § 260, copied in the margin.* First Circuit: *Suddard* v. *American Motor Co.*, 163 Fed. 852 (1908). Second Circuit: *Atwater Mfg. Co.* v. *Beecher Mfg. Co.* (C. C.) 8 Fed. 608; *Tyler* v. *Galloway* (C. C.) 12 Fed. 567; *Brainard* v. *Cramme* (C. C.) 12 Fed. 621; *Matthews* v. *Spangenberg* (C. C.) 19 Fed. 823; *Hake* v. *Brown* (C. C.) 37 Fed. 783; *Electric Accumulator Co.* v. *Julien Electric Co.* (C. C.) 38 Fed. 117; *Union Paper Bag Machine Co.* v. *Waterbury* (C. C.) 39 Fed. 389; *Steam Gauge Co.* v. *Kennedy* (C. C.) 41 Fed. 38; *Williams* v. *Barnard* (C. C.) 41 Fed. 358; *Smead* v. *School Dist.* (C. C.) 44 Fed. 614; *Brush Electric*

---

* "Sec. 260. An important question arises when a District Court, before any disclaimer has been filed, decides that a part of the claims of the patent in suit are valid, and have been infringed by the defendant, while another part are void for want of novelty, or for want of invention, and ought therefore to be disclaimed. Ought the judge in such a case, to enter a decree for an injunction and an account on the valid claims, and allow the complainant to disclaim the others or not, as he deems most prudent; or should he decline to enter any decree till the complainant shall have filed a disclaimer? The second of these courses has been the practice in the first circuit, in the sixth, in the seventh, and, prior to the decision of Page Machine Co. *v.* Dow, Jones & Co., in the second circuit [168 Fed. 703]; prior to the Page Machine Co. case one of the judges in the second circuit criticised that practice as arbitrary and unjust, and in at least one case in the sixth circuit the practice has not been followed by the Circuit Court, the reason being given that such a requirement would deprive the complainant of the benefit of an appeal from the decree in so far as it held the disclaimed claim invalid. The same reason is stated in the Page Machine Co. case. And one of the judges of the third circuit has held the first course to be the proper practice.

"Where a patentee through inadvertence claimed that of which he was not the original inventor, but a disclaimer was not filed before suit, no recovery can be allowed or injunction, unless a disclaimer be filed within a reasonable time."

*Co.* v. *Electrical Accumulator Co.* (C. C.) 47 Fed. 48; *Ballard* v. *McCluskey* (C. C.) 58 Fed. 880. Sixth Circuit: *Odell* v. *Stout,* 22 Fed. 159; *Office Specialty Mfg. Co.* v. *Globe Co.,* 65 Fed 599; *Morgan Co.* v. *Alliance Co.,* 176 Fed. 100; *Herman* v. *Youngstown Car Mfg. Co.,* 191 Fed. 579, 587.; *Cummer Co.* v. *Atlas Dryer Co.,* 193 Fed. 993, 998; *Higgin Mfg. Co.* v. *Watson,* 263 Fed. 378. Seventh Circuit: *Liquid Carbonic Co.* v. *Gilchrist Co.,* 253 Fed. 54, 58.

In *Page Machinery Co.* v. *Dow, Jones & Co.,* 168 Fed. 703, decided in 1909 prior to the enlarged appeal provision in the Judicial Code, the Second Circuit Court of Appeals expressed disapproval of the then prevailing practice upon the ground that an inventor should not be required to accept the opinion of a single judge. The principal reason for this objection disappeared when the Judicial Code became effective and broader appeals from interlocutory orders were permitted.

In *Excelsior Steel Furnace Co.* v. *Meyer & Bro. Co.,* 36 F. (2d) 447, the Circuit Court of Appeals, Seventh Circuit, declared that "in no case would a court be justified in finding that a patentee unreasonably delayed the filing of a disclaimer until after the expiration of the statutory period within which he might further litigate the question of the validity of the contested claims." But, in *Liquid Carbonic Co.* v. *Gilchrist, supra,* the same court had said "that under the circumstances indicated in these statutes [§§ 4917, 4922, R. S.] benefit of any recovery by the patentee is denied unless or until disclaimer is filed." So far as we are advised no other court has sustained the theory advanced by the petitioners.

Certainly, in this case where an appeal was taken by the defendants, it would have entailed no unreasonable hardship upon the patent owner promptly to have submitted the legality of the rejected claim for determination by

the appellate court. The route to that end was obvious, easy, inexpensive. He deliberately failed to defend his assertion of right by appealing. He has been guilty of unreasonable delay and has not brought himself within the beneficent provisions of the statute.

The judgment below must be

*Affirmed.*