IRVING AIR CHUTE CO., Inc., v. SWIT-LIK PARACHUTE & EQUIPMENT CO.

No. 5551.

Circuit Court of Appeals, Third Circuit.

Feb. 20, 1936.

Joseph Gray Jackson, of Philadelphia, Pa. (Wm. Steell Jackson, of Philadelphia, Pa., of counsel), for intervener.

Alexander C. Neave, of New York City, for appellant.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Daniel L. Morris, of New York City, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

■ This is a petition of Herbert L. Adams, the patentee in patent No. 1,780,104, for leave to intervene in an appeal in a patent infringment suit. The petitioner had assigned all his rights in the patent to the appellant herein. Suit for infringement was instituted by the appellant in June, 1931, and the District Court dismissed the complaint in June, 1934. 7 F.Supp. 401. We affirmed in an opinion filed July 11, 1935, 82 F.(2d) 644. The petitioner sets forth that the appellant by reason of the decision of this court of invalidity of the patent may reassign the patent to him. The petitioner contends that in that event he will be under the duty to disclaim the invalid claims, and that it is therefore necessary for him to know which of the claims in suit were held invalid. He therefore asks this court to examine the sixteen claims in suit (which may possibly necessitate examining all of the eighty claims in the patent) and to determine the validity of each separate claim. On this issue the petitioner is basing his entire contention upon a contingency which may never happen and concerning which there is no evidence in the record. We may also point out that the petitioner has no rights in the patent, inasmuch as he assigned it to the appellant herein, and that if any need for disclaimer arises that right and duty devolve upon the appellant and not upon the petitioner. The argument that if the patent is declared invalid the appellant, under the terms of the contract, may reassign the patent to the petitioner and refuse to pay royalties, does not convince us of his equitable right to intervene, inasmuch as in all cases in which a patent is declared invalid the assignee of the patent may lawfully refuse to pay royalties.

■ We think that whatever equitable rights the petitioner may have had to intervene were lost through his unreasonable delay in attempting to exercise those rights. There is nothing in the record to indicate that he was in any manner prevented from intervention in the court below or from intervention before argument in this court. We are not convinced that we should allow a party who may have either a legal or equitable interest in a pending suit to stand by awaiting the outcome of the case in the trial court and in the appellate courts, and then to argue issues which could and should have been presented during the course of the trial or, at the latest, upon appeal. In spite of our liberal attitude on the question of laches, we are not convinced that the instant case is one in which the equities are with the petitioner. By analogy we cite Ensten v. Simon, Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453, in which it was held that a patentee who had unreasonably neglected and delayed making a disclaimer was not entitled to the benefits of the disclaimer statute. A patentee should not only act with reasonable promptness in disclaiming, but also in claiming the right to intervene. This the petitioner in the instant case failed to do.

The petition for leave to intervene is denied.