## W. A. BAUM CO., Inc., v. BECTON, DICKINSON & CO.

### No. 6668.

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1938.

Wilfred B. Wolcott, of Camden, N. J., Synnestvedt & Lechner, of Philadelphia, Pa., and Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., of New York City, of counsel), for appellant.

Harry B. Rook, of Newark, N. J., and Briesen & Schrenk, of New York City (Hans V. Briesen, of New York City, of counsel), for appellee.

Before DAVIS and BIGGS, Circuit Judges, and MARIS, District Judge.

DAVIS, Circuit Judge.

This case is before us on the defendant's motion to dismiss the plaintiff's appeal. The ground on which the motion is based is that the plaintiff delayed for an unreasonable length of time, after certain claims of its patent were held invalid by the District Court, without filing a disclaimer as to those claims, and that, therefore, its patent is invalid under the provisions of the Disclaimer Statutes. R.S. §§ 4917 and 4922; 35 U.S.C.A. §§ 65 and 71.

These sections in substance provide that whenever through inadvertence, accident or mistake, and without any fraudulent or deceptive intention or without any willful default or intent to defraud or mislead, the public, a patentee has claimed more than that of which he was the original or first inventor or discoverer, his patent shall be valid for all that part which is truly and justly his own; that any such patentee may on payment of the fee required by law, make a disclaimer of such parts of the thing patented as he shall not choose to claim; that suit for infringement may be brought on that part which is bona fide his own; and that "no patentee shall be entitled to the benefit of this section if he has unreasonably neglected

or delayed to enter a disclaimer" of those parts of which he was not the original inventor.

The only question involved is whether or not the plaintiff has "unreasonably neglected or delayed to file a disclaimer" (35 U.S.C.A. § 71) within the meaning of these sections.

The relevant facts are as follows: The plaintiff brought suit against the defendant for infringement of patent No. 1,821,902 and relied on 21 claims thereof. On September 11, 1937, the learned trial judge handed down an opinion declaring all of these 21 claims invalid, and on September 17, 1937, he entered a final decree accordingly. After suffering this setback the plaintiff desired to change counsel before deciding whether or not to appeal. With this purpose in mind, in October, 1937, it consulted with Willis H. Taylor Jr., Esq., and asked him for an opinion as to whether or not an appeal should be taken. According to the affidavit of Taylor, at that time he was engaged in the preparation of briefs in two cases to be heard on November 16, 1937, by the Circuit Court of Appeals for the Seventh Circuit and upon his return to New York after final arguments in those cases, he immediately undertook a study of the evidence and patents here involved. Not having been connected in any way with the proceedings in the District Court, he was unable adequately to familiarize himself with the complicated issues involved and render a report until December 6, 1937. As a result of his opinion, the petition for appeal was filed on December 17, 1937. Thereafter the plaintiff expended approximately $1475 in preparing a condensed narrative statement of the evidence without any warning being given by the defendant that it intended to file the present motion to dismiss the appeal.

In support of its motion, the defendant has cited and principally relies upon the following three decisions: Railway Engineering Equipment Company v. Oregon Short Line R. Co., 10 Cir., 79 F.2d 469, certiorari denied 296 U.S. 658, 56 S.Ct. 383, 80 L.Ed. 469, rehearing denied 297 U.S. 727, 56 S.Ct. 497, 80 L.Ed. 1010; Better Packages, Inc., v. L. Link & Co., 2 Cir., 74 F.2d 679, and Ensten v. Simon

Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453.

All of these decisions are clearly distinguishable from the case at bar. In the Railway Engineering Company Case, supra, the owner of the patent had failed to prepare and file a condensed narrative statement of the evidence as required by "Equity Rule 75 (28 U.S.C.A. following section 723)" and had also permitted "51 days [to] run after the court's decision without having a final decree entered" [pages 472, 473]. In the present case, the plaintiff has prepared the condensed narrative statement of the evidence, and only 6 days elapsed between the decision of the District Court and its final decree. Clearly 6 days can not be considered to be an unreasonable delay. In the Better Packages and Ensten Cases, supra, the patent owner could have appealed from an interlocutory decree holding certain claims of his patent invalid, but chose to wait until a final decree had been entered. That fact alone is the real basis of those decisions. In the case at bar, there was no interlocutory decree from which the plaintiff could have appealed.

The general rule applicable to cases of this kind is that "When an adverse decision upon a claim is contested in good faith, the obligation to disclaim does not arise until the final decision of the highest court, from which the period of delay beings to run". General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 77 F.2d 230, 232. There is no valid reason for applying a different rule to this case.

It is true that the plaintiff did not file his petition for appeal until 88 or 89 days had elapsed after the final decree of the District Court but this was within the three months period required by the statute. 28 U.S.C.A. § 230. As stated by Judge McDermott in his concurring opinion in the Railway Engineering Company Case, we "doubt the wisdom of the courts holding that the time prescribed by Congress is unreasonable". 79 F.2d 473. Furthermore, the plaintiff's explanation of the cause of the delay, relieves it of any suspicion of unreasonable dilatory conduct.

The defendant's motion to dismiss is denied.