**THOMAS & BETTS CO. et al. v. ELECTRICAL FITTINGS CORPORATION et al.**

District Court, S. D. New York.
Nov. 1, 1938.

Bohleber & Ledbetter, of New York City (William Bohleber and Francis H. Fassett, both of New York City, of counsel), for plaintiffs.

Darby & Darby, of New York City (Samuel E. Darby, Jr., and Floyd H. Crews, both of New York City, of counsel), for defendants.

HULBERT, District Judge.
This action was tried and decided March 22nd, 1938.

The patent in suit was held valid as to claim 1 and invalid as to claim 2. Rehearing, upon application of the defendants, was denied April 23rd 1938, (D.C., 23 F. Supp. 920).

Final decree was entered April 27, 1938. The defendants submitted an assignment of errors and petition praying leave to appeal, on which an order dated June 28, 1938, was made and filed June 30, 1938. No appeal was taken by the plaintiffs and the record is now in galley proof.

Under the early accepted general rule a patent with an invalid claim was wholly void but over 100 years ago the Congress gave relief to protect the valid part of a patent containing an invalid claim if the patentee disclaimed the invalid part without unreasonable neglect or delay. Act of March 3, 1837, 5 Stat. 193, 194, §§ 7, 9, which, with slight modifications now constitutes Sections 4917 and 4922 Revised Statutes, Secs. 65 and 71 Title 35 U.S.C.A.

The official Gazette of the United States Patent Office in its issue of September 6th, 1938, discloses that on August 19, 1938, a disclaimer of the invalid claim 2 was recorded. This was 150 days after the decision and 114 days after the entry of the final decree thereon, but within 30 days after the expiration of the time allowed the plaintiffs to have perfected an appeal, had they chosen to do so.

It appears that the disclaimer was signed and acknowledged by one of the plaintiffs on June 2, 1938, and by the other on June 6, 1938, and received at the Patent Office on July 26, 1938, but was unaccompanied by the statutory filing fee, which was not paid until August 19, 1938. It may be that the plaintiffs can establish sufficient excuse to justify this delay.

But the preliminary question is whether the Court has the power to entertain the application.

The allowance of the appeal terminated the power of this Court to do any act with respect to its decree without leave of the Circuit Court of Appeals, to which the appeal has been taken, except, of course, ministerial acts in connection with the preparation of the record on appeal, and the exercise of inherent power to enforce its mandate. But the Court is not without recourse to do justice in a proper case and the accepted practice in a situation such as is now present would seem to be to apply to the Appellate Court to have the case remitted if the trial judge felt that substantial justice so required. Baltimore S. S. Co. v. Phillips, 2 Cir., 9 F.2d 902.

The disclaimer statutes, above referred to, "enact that where a patentee claims materially more than that which he was the first to invent, his patent is void, unless he has preserved the right to disclaim the surplus; and that he may fail to preserve the right, by unreasonable neglect or delay to enter a disclaimer in the Patent Office." Walker on Patents, 6th Ed., Sec. 254.

In Ensten v. Simon Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453, the Court in reviewing the disclaimer statute said [page 209]:

"The statute is remedial; the intent is to aid the inventor free from wilful default or intention to mislead the public by permitting him to avoid the consequence of inadvertence, accident or mistake through prompt disavowal of the apparent right to exclude others from something improperly included in the words of his grant. Escape is permitted only to one who acted originally in good faith and who has complied with the prescribed conditions. 'The same principle which forbids a patentee to assert a right to more than he has actually invented compels him to disavow the right as soon as he discovers that it has been unjustly claimed. Unreasonable delay in disclaiming is thus tantamount to an original fraudulent claim, and through it the patentee loses the privilege of making the amendment by which alone his patent could be saved. * * *

" 'In cases where the excess is not apparent at once upon the inspection of the patent by the patentee, the allowance of his claim by the patent office raises such a presumption in its favor that he may rely on its validity until a court of competent jurisdiction decides that it is broader than his real invention.' "

There is no general rule which specifically defines "unreasonable neglect or delay."

The defendants cite, inter alia, and rely upon, Railway Engineering Equipment Co. v. Oregon Short Line R. Co., 10 Cir., 79 F.2d 469.

In that case the District Judge rendered and filed a written opinion July 5, 1934, and a decree was signed and filed August 25, 1934. On November 22nd appellant filed its petition for appeal and its assignment of errors but the appeal was not lodged in the Circuit Court until April 1, 1935, whereupon the appellee filed a motion to

dismiss on the ground that the alleged errors of the trial court had become moot questions because appellant-plaintiff unreasonably neglected and delayed appealing or to enter disclaimers following the decision. 51 days elapsed from the rendition of the opinion of the District Judge before final decree was entered; 140 days elapsed after decision before appeal was asked and allowed, and .89 days elapsed between the entry of the decree and filing petition for appeal and its allowance. The Court held the neglect and delay .unreasonable.

Judge McDermott, in a dissenting opinion in Railway Engineering Equipment Co. v. Oregon Short Line R. Co., supra, said [page 473]:

"I agree that three months is not needed to determine whether an appeal should be taken, but I think a definite and certain shorter period should be prescribed, for the future only. * * *

"In the long history of the disclaimer statute, no patent ever before has been held void because an appeal was not taken prior to the expiration of the statutory period. On the contrary, courts frequently have said that disclaimers must be filed within a reasonable time—generally 30 days —after the statutory time for appeal or application for certiorari has expired.

"The trend of the times is very strongly toward expediting litigation, a trend with which I am heartily in accord. But it does not make for expedition to substitute .an indefinite standard of reasonable promptness for a specific period fixed by statute."

 There is a lack of uniformity in the divers circuits. The rule in our own Circuit referred to by Judge Coleman in General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, D.C.Md., 8 F. Supp. 265, as the "thirty day rule" or "the New York rule" is that the filing of a disclaimer within 30 days after the time to appeal has expired, is not unreasonable, and certainly if a party has 90 days within which to appeal it does not seem logical that he should be *required to give up this statutory right* and file his disclaimer.

In the instant case the plaintiffs manifested their intention to disclaim early in June. It may have been that pending presentation of the disclaimer to the Patent Office they were still considering whether they would appeal. The disclaimer was in the Patent Office on July 26, 1938, although the statutory filing fee was not paid until August 19, 1938. All of which bears on the question of good faith.

The Court is disinclined to request the Appellate Court to authorize it to reopen the case and remit the record for that purpose. If the defendants succeed in their appeal the hearing now sought will become moot. If they fail, they may still raise the issue if and when suit is brought against them for infringement or against any customer whom they may feel obligated to defend.

Settle order on two days' notice.