**PARRIS–DUNN CORPORATION v. FALES.**

**No. 59.**

District Court, S. D. Ohio, W. D.

Dec. 14, 1940.

Bair & Freeman, of Chicago, Ill., for plaintiff.

Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., and Greer Marechal, of Marechal & Noe, of Dayton, Ohio, for defendant.

NEVIN, District Judge.

On January 12, 1940, plaintiff filed its complaint in this court under the Declaratory Judgment Statute asking that Stuart Patent No. 1,802,094, dated April 21, 1931 (for a Turbine), be held invalid. Plaintiff prays "for Judgment that the Stuart patent No. 1,802,094 is invalid, and providing for a permanent injunction restraining defendant from threatening plaintiff or its customers with suits or claims of infringement

of said Stuart patent, and awarding costs to plaintiff * * *."

On March 8, 1940, defendant herein, Elisha N. Fales, filed his answer admitting that on April 21, 1931, United States Letters Patent No. 1,802,094, applied for by Harve R. Stuart, was issued to defendant. In his answer, defendant admits certain allegations and denies others, as in the complaint contained.

Together with, and as a part of, his answer defendant Fales filed a counterclaim. In his counterclaim defendant alleges that Stuart Patent No. 1,802,094 was reissued on March 5, 1940, as Reissue Patent No. 21,382. Defendant charges plaintiff with infringement of this reissue patent. Defendant prays that "the Bill of Complaint be dismissed, and that plaintiff be enjoined pendente lite and permanently from infringing said Stuart Reissue Patent No. 21,382. * * *"

On March 26, 1940, plaintiff filed its reply to defendant's counterclaim. In its reply plaintiff denies infringement of Reissue Patent No. 21,382 and avers its invalidity for the reasons alleged. It prays "for Judgment that the Stuart reissue patent No. Re. 21,382 is invalid and not infringed and that the counterclaim filed herein be dismissed * * *."

Upon the pleadings, the case is now one for infringement of a patent. It is no longer one for a declaratory judgment.

Contained in plaintiff's reply are Paragraphs 17, 18, and 29. They read as follows: "17. That defendant, Elisha N. Fales, unreasonably neglected and delayed the filing of said disclaimer and consequently said Stuart patent No. 1,802,094 became wholly invalid and was invalid at the time of the filing of the disclaimer and at the time of the filing of the application for reissue. 18. The Stuart reissue patent in suit, No. Re. 21,382, is wholly invalid by reason of the fact that the original Stuart patent No. 1,802,094 was invalid when the application for reissue was made and no valid reissue can be made of a wholly invalid patent. 29. That this defendant, Elisha N. Fales, is estopped to deny that he had knowledge of turbines of the kind which are the subject matter of the claims in issue of the said Stuart reissue patent prior to the alleged invention thereof by Harve R. Stuart by reason of the statements and the record made by Elisha N. Fales during the prosecution of his application for Fales patent No. 1,896,057, issued December 23, 1930."

On April 15, 1940, defendant filed a document entitled "Motion to strike portions of Reply of Parris-Dunn Corporation under Rule 12–F." The motion contains four sub-paragraphs numbered I to IV, inclusive.

The motion was argued orally and briefs have been filed in support of and contra the motion. At the time of the oral argument on October 7, 1940, counsel for defendant stated defendant would not press or rely on so much of the motion as is contained in Sub-paragraphs I and II thereof, nor is the motion in these respects urged by counsel in their briefs. It may be recited, therefore, in the order to be drawn either that so much of the motion as is contained in Sub-paragraphs I and II thereof is withdrawn, or, by consent, overruled.

This leaves before the court for its determination so much of the motion as is contained in Sub-paragraphs III and IV thereof. Sub-paragraph III reads as follows: "III. (Defendant) Moves to strike Paragraphs 17 and 18, and each of them, because they fail to state any defense."

It is the claim of defendant that "The patent to which this alleged defense relates is Stuart reissue patent 21,382 and it is, therefore, completely irrelevant to the present case whether the parent patent became invalid because of failure to file a disclaimer. We will point out later that the parent patent did not become invalid because of any failure to file a disclaimer, but whether it did or not is wholly immaterial in a suit based upon the reissue patent. * * * Apparently plaintiff assumes that unreasonable neglect or failure to enter a disclaimer renders a patent, in which a disclaimer is required, invalid. There is no such requirement in the disclaimer statute."

After citing the statutes and authorities deemed pertinent, defendant asserts that "No disclaimer seems to have been required in the present case."

While denying it was necessary to file a disclaimer, defendant nevertheless concedes that the question of whether the delay in filing a disclaimer (if one were needed) was or was not too long is primarily one of fact, saying "We do not wish to leave the impression that we agree with plaintiff that there was any unreasonable delay in applying for the disclaimer. As we have pointed out, there was no need to file a disclaimer, and whether or not one was filed has no

bearing upon the reissue. Nevertheless, the time between the entry of the decree in the previous case and the entry of the disclaimer can be adequately explained upon the trial of this case."

Plaintiff as vigorously urges that a disclaimer is necessary, citing, among other cases, Ensten et al. v. Simon, Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453.

■ Upon consideration, the court is of opinion that at this time the motion to strike should be overruled. It may be renewed at or during the trial, if counsel so desire.

Sub-paragraph IV reads as follows: "IV. (Defendant) Moves to strike Paragraph 29 of said reply on the ground that it is entirely irrelevant to any defense of plaintiff."

As to this defendant asserts that "The purpose of this section in a defense against the patent to Stuart is not understood. It certainly pleads no ultimate fact relevant to this case. It is apparently directed toward certain testimony which plaintiff supposes defendant will give. If the testimony is given, there will be time enough to decide whether there is an estoppel."

Plaintiff urges "Dunn has pleaded an estoppel on the part of Fales to deny that he knew of the invention before Stuart, and such an estoppel is certainly not irrelevant."

■ As to this Sub-paragraph, the court again is of opinion that so much of the motion as is contained therein should be overruled at this time. Defendant may also renew this branch of his motion at or during the trial of the cause on the merits, if he wishes so to do.

Counsel may prepare and submit an order accordingly.