**LOFTIN v. RCA MFG. CO., Inc.**
Civ. No. 144.

District Court, D. Delaware.
Jan. 15, 1943.

Daniel DePace, of Wilmington, Del., for plaintiff.

Arthur G. Connolly, of Wilmington, Del., and John B. Cuningham (of Fish, Richardson & Neave), of New York City, for defendant.

LEAHY, District Judge.

■ No fact question exists. Defendant moved for summary judgment dismissing all ten claims of the Tubbs patent No. 1,977,536, except Claim 2; and for summary judgment as to Claim 2 as invalid. The summary judgment motion is supported by an affidavit which includes copies of Tubbs and Smith patent No. 2,323,250, whose claims 28–37 are similar to the ten claims of Tubbs in suit. After interference proceedings had commenced, the complaint here was filed on January 16, 1940. The Court of Customs and Patent Appeals held for Smith,[1] affirming the decisions of the Examiner and the Board of Appeals, circa August 4, 1939, and January 17, 1941. On December 14, 1940, however, the parties here agreed Claim 2 was not alleged to infringe and not, therefore, in issue. This court, never approved this stipulation. The claim, in the light of the subsequent facts, cannot be withdrawn from judicial scrutiny as to its validity by the mere stipulated consent of the parties. Hence, after disposing of the other claims, I prefer to return to Claim 2.

■ I. Claims 1, 3–11. Plaintiff lost these claims to defendant's assignor. I have difficulty in following the rule that an action can be maintained for lost claims, after an interference proceeding, by direct infringement suit. In any event, while the decision of the Court of Customs and Patent Appeals in Loftin v. Smith, 126 F.2d 514, 29 C.C.P.A., Patents, 921, is not final or binding on this court, nevertheless I accept that decision as controlling as the plaintiff has failed to make a proffer of proof that he will "[establish] by testimony which, in character and amount," will carry "thorough conviction" that the award of priority to Smith was erroneous.[2]

■ II. Claim 2. The decisioin of the Court of Customs and Patent Appeals became binding on plaintiff on March 23, 1942. Since that time he has not availed himself of the opportunity to comply with the statutory mandates for disclaimer. 35 U.S.C.A. §§ 65, 71. Without pausing to attempt a scheme of the length of time within

---

[1] See, Loftin v. Smith, 126 F.2d 514, 29 C.C.P.A., Patents, 921.

[2] In Rousso v. Barber et al., 3 Cir., 3 F.2d 740, 741, 742, it was said: "Though the Court of Appeals of the District of Columbia becomes, in a patent prosecution, an appellate tribunal of the patent office, its decisions are not final. Federal courts, in suits formally brought, have full jurisdiction to re-examine all matters there determined and come to opposite decisions. Quaker City Chocolate Co. v. Loughran, 3 Cir., 296 F. 822. Yet it is equally well established that 'when a question between contending parties, as to priority of invention, is decided (by the Court of Appeals of the District of Columbia) the decision there made must be accepted as controlling, * * * in any subsequent suit between the same parties, unless the contrary is established by testimony which, in character and amount, carries thorough conviction.'" (Citing cases).

which a disclaimer must be had in the light of the cases, I conclude Claim 2 here must be condemned for plaintiff's failure to take action to purge himself since March 23, 1942. See Ensten v. Simon, Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453; Clair v. Kastar, Inc., 2 Cir., 138 F.2d 828; General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, 4 Cir., 77 F.2d 230. In this circuit, the admonition is that disclaimer must be made promptly. Edwin L. Wiegand Co. v. Harold E. Trent Co., 3 Cir., 122 F.2d 920, 923.[3] Failure to take the requisite action for twenty months can hardly be said to fall without this circuit's definition of promptness.

██ Tubbs' claims 1, 3–11, are dismissed. Defendant has summary judgment for claim 2. An order should be submitted.

---

3 Cf. Chipman Chemical Engineering Co., Inc. v. Reade Mfg. Co., 3 Cir., 98 F.2d 198.