CHIPMAN CHEMICAL ENGINEERING CO.,
Inc., v. READE MFG. CO., Inc.

No. 4905.

Circuit Court of Appeals, Third Circuit.

Dec. 20, 1932.

Nathan, Bowman & Helferich, of New York City (Albert F. Nathan, Border Bowman, and Elmer Helferich, all of New York City, of counsel), for appellant.

Lewis J. Doolittle, of New York City, for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The plaintiff charged infringement of Chipman's patent (No. 1,694,205) for a weed killer and method of killing weeds. Claims 3, 4, 6, 7, 8, 9 and 10 were in suit before the District Court which held claim 7 valid and infringed and dismissed the bill as to the remaining claims.

The plaintiff took this appeal from that part of the decree dismissing the bill as to certain claims; the defendant, suffering a delay and therefore not being able to appeal from the interlocutory decree against it on claim 7, awaits the final decree to appeal. We shall therefore be cautious not even to intimate an opinion on the validity of claim 7 and shall restrict our decision to the question of the validity of claims 3, 4, 6, 8, 9 and 10. To do this, however, we cannot avoid stating and in a measure discussing the inventions in the terms of claim 7.

The first question is, what are the inventions of the seven claims in suit below and the six claims in suit here on appeal?

If we were to read the claims without looking at the specification, it would not be possible to tell whether they disclose invention. Turning, therefore, to the specification, it shows that the claimed invention is for a weed killer comprised of chemicals which separately have both good and bad characteristics yet in combination and reaction they drop the bad characteristics and retain the good ones.

Claim 7 refers to the art of wilting growing weeds of mixed origin and retarding secondary germinations thereof by spraying the leaves "with an aqueous solution composed of the chlorate of an alkaline earth base and common salt whereby the chlorate may decompose by destructive contact with the organic tissue * * *." There are many alkaline earth bases and, looking at the specification to see what the claim means, it is clear that the only resultant and efficient weed kill-

ing alkaline earth base there disclosed is calcium. There, also, calcium appears in two forms, chlorate and chloride. Calcium chloride, chiefly a moisture absorbent, has been used as a weed killer, yet when used alone it is an exceedingly feeble herbicide. Calcium chlorate, developed in the laboratory and difficult to produce commercially, has long been recognized as an efficient herbicide. The common salt referred to in claim 7 is of course sodium chloride and, as described there, is a product of the reaction of calcium chloride and sodium chlorate. The latter was known as a weed killer and, not being poisonous, was known not to be dangerous to cattle, but it led to fires and it killed only certain weeds and actually stimulated the secondary growth of other weeds, particularly those of marine origin. Moreover, it would dry quickly and blow off like dust. The inventive thing which Chipman by his specification claims to have done was to put together the offending sodium chlorate and the feeble calcium chloride and thereby produce a chemical reaction (it is said) never before known and not now understood, which, nevertheless, results in a combination of efficient calcium chlorate and harmless sodium chloride, doing away with the disadvantages and retaining the advantages of both, and also produces calcium chlorate cheaply enough to be used as a herbicide. Manifestly, the efficient element of this resultant combination is calcium chlorate for which alone, under the decision of this court in Charpilloz v. Reade Mfg. Co., 51 F.(2d) 736, a patent could not be granted because chlorates of sundry earth bases had been disclosed as efficient weed killers and used by Truffaut long ago. But if Chipman procured a calcium chlorate in a new way and procured it more cheaply by producing it in combination with chloride of sodium, and thereby eliminated the disadvantages and retained the advantages of both, it is possible that he did more than make a discovery in the realm of chemistry and produced a new chemical result in combination.

Chipman in his specification practically told the whole story of his claimed discovery and invention in a formula which, omitting molecules, is that sodium chlorate plus calcium chloride equals calcium chlorate plus sodium chloride; the essential and efficient weed killing ingredient, frequently sought and here obtained, being a chlorate in combination. Another formula deals with calcium chlorate, the efficient weed killer, and calcium chloride; the latter, though a feeble herbicide, long known and chiefly used to absorb and hold moisture. Calcium chloride with this limited utility adds nothing to and in no way changes the weed killing characteristics of calcium chlorate and together they cannot amount to invention.

The learned trial court found that the invention of the formula was disclosed by claim 7. Assuming the claimed invention to be what we have stated and that, as we understand the decision of the learned trial court, claim 7, tested by the formula and therefore limited to a calcium earth base, is, when so limited, valid, the remaining claims fall into two groups. One comprises claims which cover calcium chlorate alone (3) and a calcium chlorate as an essential (indeed, the whole thing) in combination with calcium chloride (6). These claims are bad because of prior disclosure of weed killing effects of chlorates by Truffaut, as held by this court in Charpilloz v. Reade Mfg. Co., 51 F.(2d) 736. The other group comprises a calcium earth base (4), a chlorate of an alkaline earth base (8), and a chloride and a chlorate of an alkaline earth base (9 and 10). The one earth base (calcium) named in one claim (4) and the unnamed earth bases in the other claims (8, 9 and 10) are no broader than, nor are they different from the alkaline earth base named in claim 7 held, as we understand the decision below, to mean, and to be limited to, calcium earth base. It is clear from this last group of claims that the patentee, in seeking an efficient chlorate, endeavored to cover generally all alkaline earth bases, although by his formula he disclosed only the chlorate of one earth base, calcium. It is certain that the patentee cannot claim as invention the chlorate alone under the decision last cited and it is equally certain that he cannot claim exclusive use of a whole chemical class, particularly when it is not shown that all its members have a common quality rendering each useful in the same way. The Incandescent Lamp Patent, 159 U. S. 465, 16 S. Ct. 75, 40 L. Ed. 221; Corona Cord Tire Company v. Dovan Chemical Co., 276 U. S. 358, 385, 48 S. Ct. 380, 72 L. Ed. 610; Riches, Piver & Co. v. Nitrate Agencies Co. (C. C. A.) 25 F.(2d) 860.

We are of opinion that the six claims before us, if read with our eyes shut to the specification, would not disclose invention and, with our eyes on the specification, do not disclose invention different from the possible invention which the trial court found in claim 7.

That part of the decree which dismissed the bill as to claims 3, 4, 6, 8, 9 and 10 of the Chipman patent is affirmed.