### CHIPMAN CHEMICAL ENGINEERING CO., Inc., v. READE MFG. CO., Inc.
#### No. 3821.

District Court, D. New Jersey.
Sept. 27, 1937.

Harry B. Rook, of Newark, N. J. (William R. Davis, of Newark, N. J., and Anthony William Deller, of New York City, of counsel), for plaintiff.

Rudolph Schroeder, of Hoboken, N. J. (Lewis J. Doolittle, of New York City, of counsel), for defendant.

FAKE, District Judge.

An order was entered in this cause requiring Leonard J. Reade, Charles H. Reade, and the Reade Manufacturing Company, Inc., to show cause why they should not be adjudged in contempt for violating an injunction restraining infringement of the patent in suit.

The injunction in question was entered March 14, 1932, and enjoined the Reade Manufacturing Company, Inc., its servants, agents and representatives, which includes the aforesaid Reades, from infringing claim 7 of letters patent No. 1,694,205. The said Reade Manufacturing Company, Inc., passed into a receivership in the state court, and thereafter a new corporation was formed bearing the same name, in which the said Leonard J. and Charles H. Reade are actively engaged and carry on a business of the same nature and at the same address as that of the old corporation. From the evidence before me I am convinced beyond any doubt whatever that the Reades and their new corporation have violated the terms of the decree and injunction of this court above mentioned, and the new corporation can afford them no protection, since it is a mere drapery behind which the defendants are found. The violation complained of occurred in the month of June, 1934.

It is argued that these defendants cannot now be punished for contempt, for the reason that the plaintiff failed to file a disclaimer as to the invalid claims of the patent pursuant to the provisions of the "Disclaimer statutes," sections 65 and 71, Title 35 U.S.C.A. (Rev.St. §§ 4917 and 4922), and therefore the patent has become void as to all of its claims.

Looking into the record and history of the case, it is found that on March 2, 1932, this court held claims 3, 4, 6, 8, 9, and 10 of the patent invalid and claim 7 was sustained as valid. See 56 F.(2d) 1048. Thereafter, on December 20, 1932, the Circuit Court of Appeals sustained the findings of invalidity (see 62 F.(2d) 430) and the mandate of that court was filed here January 26, 1933. On October 25, 1932, a bill was filed in the Court of Chancery of New Jersey which carried the defendant corporation into an equity receivership in that court. On November 15, 1932, a rule to show cause why a special master commissioner should not be appointed to fix profits and damages was issued by this court, and on December 12, 1932, the rule was dismissed for reasons which are set forth in a memorandum filed on that date.

The plaintiff has done nothing in this case from January 26, 1933, when the mandate was filed until September 28, 1934, when the rule now under consideration was issued, a period of twenty months and two days; and no certiorari to the Supreme Court was applied for within that period. Considering all of the factors involved, I am of the opinion that the plaintiff has allowed an unreasonable time to elapse without taking advantage of the Disclaimer Act, and the patent has therefore become void. See Ensten v. Simon, Ascher & Co., 282 U.S. 455, 51 S.Ct. 207, 210, 75 L.Ed. 453: "When a competent court has declared his pretensions without sufficient foundation, we think good faith and the spirit of the enactment demands that he act with such promptness as the circumstances permit either to vindicate his position or to relieve the public from further evil effects of his false assertion. But for the benign provisions of the statute, such an assertion would invalidate the whole patent; and these provisions were intended to protect only those who by prompt action either seek to overturn an adverse ruling or retreat from a false position."

It has been argued that the Disclaimer Act cannot be urged as a defense against the violation of the injunction of this court. I am of the opinion that the only ground upon which this court may proceed to punish for contempt must be found in the existence of a valid subsisting patent as between the parties. There is nothing in the conduct of the defendants which estops them from taking advantage of the Disclaimer Act. The patent having become void, all proceedings in furtherance of its validity must fall.

An order will be entered in conformity herewith.